FEDERAL ROYALTY COMPANY ET AL., (H. B. DAVENPORT, ET AL.), V. THE STATE OF TEXAS ET AL.

No. 6958. Decided November 25, 1936.
(98 S. W., 2d Series, 993.)

*A. D. Dyess* and *Ike S. Handy,* both of Houston, for Federal Royalty Company and P. S. Moore, *A. M. Gee,* of Findlay, Ohio, *R. C. Gwilliam,* of Tulsa, Okla., and *Hiner & Pannill,* of Fort Worth, for H. B. Davenport, Nellie M. Hill and Mid-Kansas Oil & Gas Company, all plaintiffs in error.

Where several cases have been submitted and argued together and one opinion written not only for the one case but for all of them and all the parties acquiescing in this procedure all are bound by the opinion of the court and the judgment answering certified question in one of those cases, because persons though not nominal parties may by active and open participation therein so connect themselves with the litigation in which they are interested that the result is res adjudicata for or against them. Shraiberg v. Hanson, 138 Minn., 80, 163 N. W., 1032; Crawford v. White, 23 S. W. (2d) 629, error re-

fused, certiorari denied, 283 U. S., 823; Arneson v. Shary, 32 S. W. (2d) 907; 26 Texas Jur., 291, sec. 488; Dorenfield v. State, 123 Texas, 467, 73 S. W. (2d) 83.

The rule of invited error rests upon and is but a deduction from the doctrine of estoppel and does not arise from mere failure or inaction, but only from positive act by which a party is induced to change his position, or take a course of action, to his prejudice. Clark v. Hills, 67 Texas, 141, 2 S. W., 356; Adams v. Chenshaw, 74 Texas, 111, 11 S. W., 1082; Ball v. McDuffie, 212 S. W., 844; Baria v. Taylor, 57 S. W. (2d) 858.

*William McCraw*, Attorney General, *James V. Allred*, former Attorney General, *H. Grady Chandler*, Assistant Attorney General, *R. W. Yarbrough*, of Austin, and *Geo. T. Wilson*, of San Angelo, for the State of Texas; *F. A. Williams*, of Galveston, *R. L. Batts*, of Austin, *H. L. Stone* and *John E. Green, Jr.*, both of Houston, *William L. Wise* and *P. O. Settle*, both of Fort Worth, for Gulf Production Company; *Dan Moody*, of Austin, for P. L. Childress; *Rex Baker, R. E. Seagler* and *Gilvie Hubbard*, all of Houston, and *Ben H. Powell*, of Austin, for Humble Oil & Refining Company; *Bryan, Stone, Wade & Agerton* and *Oliver W. Fannin*, all of Fort Worth, for Imperial Royalty Company; *Robt. T. Neill* and *Smith & Neill*, of San Angelo, *Turner, Rodgers & Winn*, of Fort Worth, for Stanolind Oil Company; *W. A. Keeling*, of Austin, *Francis H. DeGroat*, of Duluth, Kan., *Chas. W. Holden*, of Tulsa, Okla., and *Chas. Gibbs*, of San Angelo, for Douglas Oil Company; *John A. Braly*, of Fort Worth, for Peerless Oil & Gas Company; *Collins, Jackson & Snodgrass*, of San Angelo, for Western Oil & Gas Company; *Thompson, Mitchell, Thompson & Young*, of St. Louis, Mo., and *P. G. McElwee*, of Houston, for Shell Petroleum Company; *Burney Braly* and *G. R. Pate*, both of Fort Worth and *G. B. Smedley*, of Austin, for Continental Oil Company; *Don Emery*, of Amarillo, for Phillips Petroleum Company; *M. W. Hagebush*, of Oklahoma City, Okla., for Ohio Fuel Supply Company; *T. R. Boone*, of Wichita Falls, for Ida May Ramey and others; *Walter L. Kimmel*, of Tulsa, Okla., for Hargrave Hudson; and *E. H. Yeiser*, of Austin, for Perry, Reed and others, all defendants in error.

A survey or description of land is simply a means of identification. A surveyor's report is at best only his opinion. It is not conclusive as to the location of these objects. A judgment could not describe with words a physical object, as a matter of law. At most a court can only ascertain with vary-

ing degrees of certainty what the parties intended to describe by their language. Camp v. Gulf Production Co., 122 Texas, 383, 61 S. W. (2d) 777; Moseley v. Edds, 80 S. W. (2d) 401; Maddox v. Fenner, 79 Texas, 279, 15 S. W., 237.

The decision on certified question was not res adjudicata of the boundary controversy, and that interpreting the opinion otherwise, renders it void. Benevadies v. Garcia, 290 S. W., 739; McDonald v. Humble Oil Co., 78 S. W. (2d) 1068; Blaffer v. State, 31 S. W. (2d) 172.

C. R. *Wharton* of Houston, filed briefs and argument for various royalty owners.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion for the court.

This case, known as the Whiteside case, is closely related to two other cases, one known as the California case and the other as the Smith-Turner case. Much has been written by this and other courts in these cases, to which, under our views of the narrow question now presented for decision, but little need be added. A complete history of these cases may be had by referring to the following opinions: Smith v. Turner, 13 S. W. (2d) 152; Turner v. Smith, 122 Texas, 338, 61 S. W. (2d) 792; Douglas Oil Co. v. State (California case), 122 Texas, 377, 61 S. W. (2d) 807; Id. (Court of Civil App.), 70 S. W. (2d) 452. The opinion of this Court answering certified questions in this case is reported in 122 Texas, 369, 61 S. W. (2d) 804; the opinion dismissing a second certificate is reported in 124 Texas, 232, 76 S. W. (2d) 1043, and the opinion of the Court of Civil Appeals is reported in 81 S. W. (2d) 1064.

At the time this suit was tried the Smith-Turner case was pending in this Court and the California case was pending in the Court of Civil Appeals. All three cases presented for decision the controlling question of the proper method of constructing Block 194, G. C. & S. F., in Pecos County. One method was applied in the trial court in the first two cases and a contrary method applied in this case. When this case reached the Court of Civil Appeals both of the other two cases were still pending and, since it was apparent that all presented the same question of law, that court certified certain questions in this case and the California case to this Court. All three cases were considered together by this Court upon the whole record. The certificate in the instant case defined the four suggested methods for establishing the boundaries in issue and called upon this Court to determine which of these methods

was the proper one to be applied. This Court released opinions in all three cases on the same day, making its opinion in the Smith-Turner case the basic opinion. In answer to the certified questions in this case (Douglas Oil Co. v. State, 122 Texas, 369, 61 S. W. (2d) 804) it was held that the proper method was to establish the boundary lines in issue by course and distance calls from the east line of Block Z, disregarding the adjoinder calls for senior surveys to the south, north and east of Block 194. After the answers to the certified questions were returned to the Court of Civil Appeals that court prepared a tentative draft of opinion reversing the judgment of the trial court, and then again certified a question to this Court accompanying its certificate with a copy of its tentative draft of opinion. The second certificate was dismissed. 124 Texas, 232, 76 S. W. (2d) 1043. Apparently because of the reasons assigned by this Court for dismissing the second certificate, the Court of Civil Appeals then construed the effect to be given to the answers to the questions in the first certificate differently from the construction suggested in its tentative draft of opinion and entered judgment affirming the judgment of the trial court. The opinion of Chief Justice McClendon of the Court of Civil Appeals sets out in full the draft of the tentative opinion, which itself embodies the entire original certificate to this Court. We are well convinced, after mature consideration, that the tentative draft announced correct principles governing the decision of this case. We therefore adopt and make our own the following language taken therefrom:

"It will be noted that question 1 calls for the adjudication by the Supreme Court of 'the proper method to be applied in establishing the boundary lines of the involved surveys.' 'Involved surveys' was intended to mean and could only mean the surveys involved in the particular case certified. 'Proper method' was intended to mean and could only mean the method under which the entire record in this case, including the pleadings and other matters of record from which the theory of the case could be determined, this court must render judgment in so far as the boundary issue was concerned.

"That the Supreme Court was fully cognizant of this construction of the questions certified, appears we think affirmatively from the expressions in the opinions of that court.

"In its opinion in this case the Supreme Court expressly adverts to the fact that this court 'has certified for our determination upon the whole record in the case questions based upon said methods as follows:'

"That the Supreme Court was fully cognizant of the issues raised by the pleadings and by the contentions of the respective parties in the respective cases and that the first method was not urged by any party in this case, affirmatively appears from the following quotation from its opinion in this case:

" 'This amended petition omitted the eastern tier of boundary sections of Block 194, and dismissed from the case, among other defendants, Fred Turner, Jr. This left in the case two groups of defendants; one making the Yates contention that surveys in Block 194 should be given an excess west to east of 68 varas to the mile by projecting a meridian northward from the position asserted to be the southwest corner of survey 7, block C-3, with which contention the state is in accord in this case; the other making the Douglas, Whiteside, or Smith contention for an adjoinder of the lines of Block 194 with the river surveys on the east and Runnels County school land on the north.'

"In certifying the boundary question to the Supreme Court, we were not certifying a mere abstract or hypothetical question, but the concrete question before us based upon the entire record in the case, as a guide to this court in the judgment which should be rendered.

"This was unquestionably the construction which the Supreme Court placed upon the certificate. Smith-Turner Case, from page (348 of 122 Texas) 794 of 61 S. W. (2d) we read:

" 'These cases are being considered together and a decision of each will be controlled by our holdings herein. The determination of these cases depends upon the legal method of locating on the ground block 194, G. C. & S. F. Ry. Company, in Pecos County, as surveyed by L. W. Durrell (an office survey) in 1883.'

"This language we think is clear and susceptible of but one construction. 'A decision of each will be controlled by our holdings herein,' clearly means that the Supreme Court's holdings should control a decision in the instant case, based upon the entire record certified. By the language, 'the determination of these cases depends upon the legal method of locating on the ground block 194, G. C. & S. F. Ry. Company, in Pecos County, as surveyed by L. W. Durrell (an office survey) in 1883,' manifestly was meant that this case as well as the other cases were to be determined by the legal method of location which was adjudicated in the Smith-Turner Case, and not by some other method, upon whatsoever predicated. 'To deter-

mine' is to settle, to end; and 'to depend upon' is to be suspended by as its only means of support.

"The Douglas Oil Company in its brief asserts as its first proposition in support of its contentions:

" 'The certified question answered by the Supreme Court as to how the various surveys in Block 194 should be constructed is not the "very question" ruled upon by the lower court because it is not the true question presented by the pleadings and the evidence, therefore the decision of the naked question presented does not determine the case as plead and tried.'

"The effect of this proposition is that the first locative method was in fact not involved in this case, and was academic, in so far as this case is concerned. If this be true then this court did a useless thing in certifying this method in this case, and the Supreme Court did likewise in its answer, which, in so far as this case is concerned, was a pure abstraction. 'If abstract questions are certified the Supreme Court has said very plainly it will not consider them.' 3 Texas Jur., p. 311, and authorities cited in Note 12.

"The very purpose of basing the certificates upon the entire record, as clearly expressed therein, was to obtain a decision of the Supreme Court which would be binding upon this court, and from which this court could render its final decision, and 'not leave open for subsequent review by writ of error questions involving interpretations of the certificates' statements of the record.' No objection was made in this court or in the Supreme Court to the certificate or to the questions certified.

"Under these circumstances it seems quite plain to us that we are bound to apply the answer of the Supreme Court to the entire record in the case before us, since the questions were certified and the answer returned upon the entire record."

It is not perceived that any useful purpose would be served by a discussion of the per curiam opinion of this court dismissing the second certificate.

■ The opinions of this Court in the Smith-Turner case and in answer to certified questions in this and the California case were by a divided court. Our Chief Justice, who dissented in those cases, is the only present member of the Court who was a member when those opinions were released. Eminent counsel call our attention to these facts, point out that no final judgment has been rendered by this Court in this case, and press upon us the contention that those opinions are unsound

and should be overruled. Should a case hereafter come before us calling for an application of the principles of law announced in those opinions, in which lands other than Block 194 are involved, and in which the method of constructing that block is not determinative of the controversy, this Court reserves the right to reconsider this entire question, but we are not at liberty to do so in this proceeding. In the Smith-Turner case and in this case, when it was before us on certified questions, this Court held that it could determine, as a matter of law, the location of the east boundary line of Block 194. This Court did so determine the location of such line in those cases. Before it could decide the Smith-Turner case or answer the certified questions in this case, it was absolutely necessary for it to determine how Block 194 should be constructed. It did decide that question in those cases, and it must follow, as a matter of course, that its decision was one of law. We consider ourselves in duty bound to follow those decisions in all cases in which the question of the proper method of constructing Block 194 is involved. To fail to do so would lead to intolerable confusion and work a palpable injustice. Porter v. State, 15 S. W. (2d) 191; Blaffer v. State, 31 S. W. (2d) 172; McDonald v. Humble Oil & Refining Co., 78 S. W. (2d) 1068; Cockrell v. Work, 94 S. W. (2d) 784; 26 Texas Jur., Sec. 368, pp. 46 et seq; Id. Sec. 493, pp. 303 et seq.

■■ Since the judgments of the Court of Civil Appeals and the district court in this case are based upon a holding and theory of law contrary to that pronounced by this Court in the Smith-Turner case and in this case, the error is fundamental. It is apparent upon the face of the record without having resort to the statement of facts. The judgments rendered by the trial court and the Court of Civil Appeals in this case and the final judgment rendered by this Court in the Smith-Turner case, when construed in the light of the opinions of this Court, are themselves conflicting and cannot be harmonized. While this Court has the power, in a proper case, to overrule its prior opinions, it does not have the power to set aside or modify its judgments rendered at a prior term. We are confronted here with conflicting judgments, as well as with conflicting principles of decision. Both the judgment of this Court in the Smith-Turner case and that of the trial court affirmed by the Court of Civil Appeals in this case cannot be permitted to stand, and the former must stand.

■ It is beside the question to say that no party to this case

contended in the trial court for the rule of law as later pronounced by this Court in its opinion above mentioned. No contention was made in this Court when this case was before it on certified questions that the questions certified were not properly presented to the Court of Civil Appeals for decision. After this Court released its opinions in the Smith-Turner case and in this case on certified questions, plaintiffs in error did present the question of fundamental error to the Court of Civil Appeals and have assigned same in this Court. This we hold to be a sufficient presentation of the matter to this Court. There is no basis at all for the application of the rule of invited error in this case. That rule is but a deduction from the doctrine of estoppel (Missouri, K. & T. Ry. v. Eyer, 96 Texas, 72; Kirby v. Fitzgerald, 89 S. W. (2d) 408), and the essential elements of estoppel are not present. The parties could not know in advance of this Court's decision what rule of law would be pronounced therein. The judgments of the Court of Civil Appeals and the district court are both reversed generally and the cause is remanded as to all parties.

Opinion adopted by the Supreme Court November 25, 1936.