**W. T. CARTER & BRO. et al. v. STATE et al.**

No. 8959.

Court of Civil Appeals of Texas. Austin.

April 3, 1940.

On Motion for Correction May 8, 1940.

C. R. Wharton, of Houston, V. A. Collins, Fox Campbell, Z. L. Foreman, and M. M. Feagin, all of Livingston, and Dillon Anderson, James W. Mchaffy, and Baker, Botts, Andrews, & Wharton, all of Houston, for appellants.

Gerald C. Mann, Atty. Gen., and Robert E. Kepke, James Noel, and H. Grady Chandler, Asst. Attys. Gen., for appellee State of Texas.

Bryan, Suhr, Bering & Bell, of Houston, and Henry H. Brooks, of Austin, for other appellees.

BAUGH, Justice.

The question presented on this appeal is one of conflict of jurisdiction between the District Court of Travis County, Texas, and the District Court of Polk County,

Texas. Appeal to this court is from an order of the District Court of Travis County refusing to dissolve a temporary injunction, granted ex parte, by the Travis County Court against the plaintiffs in two Polk County suits, enjoining them from further prosecuting the Polk County suits or taking any further steps therein than to dismiss same.

The history of this litigation is already largely of record in reported cases. Briefly summarized it is as follows: Sometime prior to June 9, 1937, Short, Gholson, Sessums, and Smith applied to the Commissioner of the General Land Office for an oil and gas lease on some 3,000 acres of land in Polk County as unsurveyed public free school land belonging to the State. A portion of this land was at the time occupied by W. T. Carter & Brother, V. A. Collins, and B. E. Quinn under claims of grants from the State as a part of the Andres Morales League, titled in 1835. For convenience, the latter named parties will be referred to as occupants; and the parties first above named will be referred to as applicants. On June 9, 1937, the occupants sued the applicants and the Land Commissioner in the District Court of Polk County to enjoin the Land Commissioner from executing to the applicants a mineral lease on said lands on the grounds that the occupants owned them. This injunction was granted by the trial court before the Land Commissioner had acted on their applications; affirmed on appeal therefrom by the Court of Civil Appeals, 121 S.W.2d 486; writ granted by the Supreme Court and these judgments reversed and the injunction dissolved. See 126 S.W.2d 953. Meantime, on June 17, 1937, the State filed suit in the District Court of Travis County in trespass to try title to all of these lands against some 300 defendants, including both appellants and appellees herein, subject to whatever rights the applicants might have to a mineral lease thereon. This suit was filed at the instance of the applicants who were made defendants.

After the decision of the Supreme Court on the appeal from the original Polk County suit, some of the occupants of said lands (appellants here), under their construction of the opinion of the Supreme Court in that case, filed two suits in the District Court of Polk County on March 9, 1939, against the four applicants above named—Short, Gholson, Sessums and Smith—for damages for alleged slander and disparagement of the occupants' title. To these suits the applicants and the State interposed pleas in abatement of the State's suit against them then pending in the District Court of Travis County. These pleas were overruled by the District Court of Polk County. Thereupon, the District Court of Travis County, upon application of the State and of the four named applicants, issued the ex parte temporary injunction here involved. The plaintiffs in those suits filed their motion to dissolve that injunction which was overruled; hence this appeal.

The first question, briefly stated, therefore, is: Does the suit by the State in Travis County in trespass to try title to, and possession of, all of these lands against some 300 or more defendants preclude the appellants, who had for many years occupied, used and claimed title to a part of said lands under asserted grants from the State, and paid taxes thereon, from suing the named applicants in Polk County, Texas, for damages for slander of their titles?

The general rule is well settled that when a court has properly acquired jurisdiction over the parties and subject matter of a controversy, it can retain that jurisdiction to the exclusion of all other courts of concurrent jurisdiction; and can protect such jurisdiction so first acquired by injunctive process. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813; Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W. 2d 1067; 1 Tex.Jur., Secs. 67-71, pp. 93-101; 11 Tex.Jur. Sec. 59, p. 787. In general it may be said that the essential basis for this rule is identity of parties and of subject matter in the two suits; and whether the judgment in the suit first filed will be res adjudicata of the matters involved in a subsequent suit. Though the identical issues may not be involved in the two suits, if the issues involved in the suit last filed are entirely dependant upon and concluded by the issues to be adjudicated in the suit first filed; then the second suit should be held in abeyance until the first suit is disposed of. Tidewater Oil Co. v. Railroad Com., Tex.Civ.App., 76 S.W.2d 553. Appellees contend that such is the situation presented in the instant suit.

The Travis County suit is by the State as sole plaintiff. It seeks recovery of title to said lands against all defendants, subject to whatever rights the named applicants may have to a mineral lease thereon. The superior title of the State could be

adjudicated without establishing the rights of the defendant applicants to a mineral lease thereon. That question could be then left to the determination of the Land Commissioner who has not acted upon their application, and whose duty it is to first pass upon these matters. Short v. W. T. Carter & Bro., Tex.Sup., 126 S.W.2d 953; Art. 5421c, Sec. 8, Vernon's Ann.Civ.Tex. Stats.

Though the State is the sole plaintiff in the Travis County suit, it is not controverted that its suit was brought at the instance of the named applicants. While they are nominally defendants, it appears that they are in effect plaintiffs, and that the Attorney General is relying upon them not only to defray the expenses of the State's suit, but to secure the evidence upon which it is to be tried. They likewise joined in the application for the injunction here involved, manifestly, among other things, to avoid the necessity of defending the suits against them in Polk County. Regardless of this, however, and of the policy of the Attorney General, necessitated by lack of sufficient appropriations to prosecute the State's suits otherwise, to rely upon private parties to pull the laboring oar in the State's lawsuits on the prospect that they also may profit thereby, these matters are not decisive of the issues here presented.

■ It is urged by appellants herein that neither the parties nor the subject matter of the Polk County suits are identical with those in the Travis County suit; that the State is not a party to the Polk County suits; that the Polk County suits involve only a private controversy between the parties to those suits, a determination of which would not be res adjudicata against the State; and consequently that no such conflict of jurisdiction exists which would warrant the Travis County District Court in enjoining the prosecution of the Polk County suits. Appellants rely particularly upon the case of Prairie Oil & Gas Co. v. State, Tex.Civ.App., 214 S.W. 363, affirmed by the Supreme Court in 231 S. W. 1088; and the language of the Commission of Appeals in Short v. Carter & Bro., 126 S.W.2d 953. It may be conceded that a judgment in the Polk County suits, the State not being a party thereto, would not constitute res adjudicata, as such, against the State in the Travis County suit. If, in the Polk County suits, there had been involved only a superior right to

purchase said lands from the State, or the superior right, as between the parties to those suits, to a mineral lease thereon, or other claims between such parties not predicated upon an absolute fee simple title in appellant; those cases, under the authorities cited, could have proceeded to a final judgment without prejudice to the right of the State to establish its title to said lands in the Travis County suit. But the Polk County suits for slander of title show upon the face of the pleadings therein to be predicated upon an absolute title asserted by appellants to said lands. Such title was the basis of their cause of action in those suits, and a recovery therein would necessarily have required an adjudication of the title to said lands. Since the real controversy involved is the proper location of the Andres Morales League, the proper location of the boundaries thereof would have been necessary to an adjudication of the Polk County suits. And a final adjudication of these matters, fixing the boundaries of that Survey, would be binding and conclusive in all subsequent suits involving the same subject matter whether the parties and the property involved in such suits are identical or not. This, not on the ground of estoppel, nor as res adjudicata; but under the recognized rule of stare decisis. Benavides v. Garcia, Tex.Com.App., 290 S. W. 739; Porter v. State, Tex.Civ.App., 15 S.W.2d 191, writ ref.; Blaffer v. State, Tex.Civ.App., 31 S.W.2d 172, writ ref.; 11 Tex.Jur. Sec. 96, p. 838; 26 Tex.Jur., Sec. 368, p. 46; idem Sec. 493, p. 303. If, therefore, the Polk County suits should proceed to final judgments, establishing title to said lands in appellants, which, under their pleadings would have been necessary to their recovery in those suits; and in doing so, had judicially located on the ground the boundary lines of the Andres Morales League; such a judgment would, under the doctrine of stare decisis, be conclusive against all parties in a subsequent suit involving the same controversy. And this is true even in a suit by the State relating to vacancies, though the State be not a party to the suit in which such boundaries were judicially established. Porter v. State, supra; Blaffer v. State, supra; Federal Royalty Co. v. State, (Whiteside Case); 128 Tex. 324, 98 S.W.2d 993, 996. If, as contended by appellants, they are entitled to proceed to final judgment in the Polk County suits, wherein it would be necessary to

adjudicate both title and boundaries of the Morales League; it would follow as a matter of course that an appeal from judgments therein would require the appellate courts to review the issues therein tried. And a determination of those issues, that is, of title and boundary, would be binding, under the rule of stare decisis, upon the State in any other suit brought by it involving the same lands.

Venue of the State's suit was properly laid in Travis County under Art. 5420, R.C.S.1925. All the parties to the Polk County suits were also parties to the Travis County suit. The State is not interested in the controversy as to damages between the parties defendant; but since the outcome of that controversy ultimately depends upon an adjudication of the issues of title and boundaries, appellants can either adjudicate their controversy in the Travis County suit, or it can be held in abeyance in the Polk County suits until the Travis County suit is determined, and then be tried in Polk County.

The contention of appellants that great hardship, delay and additional ·expense is imposed upon them by such a course, may be conceded. These matters were taken cognizance of by the Legislature, and Art. 5420 amended in 1939, so as to require such suits by the State to be brought in the county where the land or a part thereof is situated. H.B. 359, Acts 1939, Reg.Sess. 46th Leg., p. 464, Vernon's Ann.Civ.St. art. 5420. But the instant suit was filed in Travis County prior to this amendment.

We must also assume that the Attorney General will prosecute the State's suit for said lands with diligence and expedition; and not permit the applicants for a mineral lease thereon to use his good offices for any purpose of delay, or to protect themselves from damages for torts asserted against them by the aggrieved occupants, in which the State is not interested. The concern of the State is the recovery of its public lands. Its suit for that purpose was properly brought in Travis County. Having properly acquired jurisdiction over the subject matter, which, as above stated, would, under the rule of stare decisis, be interfered with by the Polk County suits, the Travis County District Court had authority to protect its jurisdiction by injunction. We do not interpret the injunction granted to require appellants to dismiss their suits in Polk County. They can be held in abeyance until the Travis County suit is disposed of.

Under the conclusions reached, the judgment of the trial court is affirmed.

Affirmed.

### On the State's Motion for Correction of Findings of Fact.

The Attorney General complains that if our statement in our opinion to the effect that the applicants had for many years, occupied, used and paid taxes on said lands under asserted grants from the State, were intended as a fact finding, it is not sustained by the record on this appeal; and asks that it be corrected. For the sake of accuracy, we make this correction. Such facts are not definitely shown in this record. However, such facts were definitely alleged in appellants' pleadings in the Polk County suits, copies of which do appear in this record. They are also reflected in the opinion of the Court of Civil Appeals in Sessums v. W. T. Carter & Bro., 121 S.W. 2d 486; and we took them to be without dispute.

Further complaint is also made of our statement to the effect that the "Attorney General is relying upon them (the applicants) not only to defray the expenses of the State's suit, but to secure the evidence upon which it is to be tried." This statement was predicated upon fact recitals made by the Court of Civil Appeals in 121 S.W.2d 486, supra, wherein the Attorney General represented the State, and was obviously true when the suit was filed in Travis County. It was also stated in oral argument of this cause and not denied.

In fairness to the present Attorney General, however, it should be said that in his motion herein he represents and states to the court that since the filing of the Travis County suit and his succession to that office, his department has made its own independent investigation of the facts relating to the alleged vacancy, and is now prosecuting the State's suit in Travis County, independent of any action on the part of the vacancy applicants.

The State's motion is therefore granted in the respects above indicated.

Granted.