**CAPITOL AGGREGATES, INC., Appellant,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Appellee.**

No. 11333.

Court of Civil Appeals of Texas.

Austin.

Nov. 3, 1965.

Rehearing Denied Dec. 1, 1965.

Clark, Thomas, Harris, Denius & Winters, John Coates, Mary Joe Carroll, Austin, Groce, Hebdon, Fahey & Smith, Josh H. Groce, San Antonio, for appellant.

Brown, Sparks & Erwin, Will G. Barber, Austin, for appellee.

HUGHES, Justice.

The parties present this case upon an agreed statement. The controversy concerns the right of Great American Insurance Company, appellee and Workmen's Compensation insurance carrier for employee, Costilla W. Franks, to recover from Mr. Franks and Capitol Aggregates, Inc., appellant and third party tortfeasor as to Mr. Franks, the amount paid Mr. Franks by Capitol Aggregates in settlement of his

claim against it for damages which he might be entitled to recover in excess of the amount paid him as Workmen's Compensation by appellee under the following circumstances:

On October 6, 1962, while working within the course of his employment as an employee of W. R. Morgan Co., Mr. Franks sustained an accidental injury.

With respect to that injury, Mr. Franks filed a workmen's compensation benefits claim and suit against Great American, and, following a jury trial in June of 1964, a final judgment for $12,146.65 workmen's compensation benefits was rendered in his favor against Great American.

Thereafter, Great American instituted and maintained this suit to enforce, in Mr. Franks' name and for their joint use and benefit, the liability of defendant Capitol Aggregates with respect to the October 6, 1962 accident.

In the trial court, the law firm of Brown, Sparks & Erwin represented Great American's interests and developed the case for trial, and Mr. Jack Garey represented Mr. Franks, individually, and actively participated therein until the settlement hereinafter described was made between Mr. Franks and Capitol Aggregates.

On the morning the case went to trial and prior to the selection of a jury, Mr. Franks and Capitol Aggregates entered into a settlement and indemnity agreement, thereupon announced in open court and subsequently reduced to writing, which provided in part that:

"In consideration of $3,500.00 cash in hand paid to Costilla W. Franks by Capital Aggregates, Inc., Costilla W. Franks does hereby compromise and settle any and all claims he has against Capitol Aggregates, Inc. * * * for injuries and any type of related damages growing out of an accident which occurred on October 4, 1962, * * * but it is expressly understood that the claim or cause of action asserted by Great American Insurance Company growing out of their subrogation rights under Article 8307, Section 6a of Texas Revised Civil Statutes is not in any way settled or prejudiced by this settlement agreement and it is further understood that Capitol Aggregates, Inc., by entering into this settlement agreement, hereby commits itself to a liability of $3,500.00 to Great American Insurance Company, same being a sum equal to that which it has paid Costilla W. Franks individually to settle all claims he has as a result of the accident in question and it is further understood that the right of Great American Insurance Company to prosecute its cause of action under Article 8307, Section 6a, Texas Revised Civil Statutes, is reserved to it and in no way prejudiced by this settlement agreement and if the liability of Capitol Aggregates, Inc. to Great American Insurance Company is adjudged through legal proceeding to exceed $3,500.00, then and in that event, Capitol Aggregates, Inc. will be liable to Great American Insurance Company for such sum exceeding $3,500.00 as so adjudged up to the subrogation interest of Great American Insurance Company, said $3,500.00 to be credited against the sum adjudged in said legal proceeding.

It is further understood that since Capitol Aggregates, Inc. acknowledges the right of Great American Insurance Company to receive from Capitol Aggregates, Inc. the sum of $3,500.00 regardless of the results of any trial of this case, Capitol Aggregates, Inc. hereby agrees to indemnify and defend Costilla W. Franks and his attorney, Jack Garey, for any claims by Great American Insurance Company to the $3,500.00 paid Costilla W. Franks by Capitol Aggregates, Inc. under this release. * * * "

At the time such settlement and indemnity agreement was made, both Mr. Franks and Capitol Aggregates had full knowl-

edge of Great American's subrogation rights.

Such settlement and indemnity agreement was made between Mr. Franks and Capitol Aggregates without the consent, participation, approval, or acquiescence of Great American, who acquired knowledge thereof at the time it was announced in open court.

After the announcement of such settlement and indemnity agreement, Great American proceeded in Franks' name and for its own use and benefit, to trial against Capitol Aggregates with respect to the October 6, 1962 accident, and the jury returned a plaintiff's verdict against Capitol Aggregates for $6,547.25 damages.

After the verdict was returned and before judgment was entered, Great American duly and timely asserted by appropriate pleading, motion, and stipulations its subrogation rights against both Mr. Franks and Capitol Aggregates with respect to the $3,500.00 settlement proceeds in question.

Following a full hearing, the trial court entered judgment that:

(a) Great American recover $6,547.25 from Capitol Aggregates upon the jury verdict;

(b) Great American recover $3,500.00 from Mr. Franks by reason of Great American's subrogation rights with respect to the settlement in question;[1]

(c) Mr. Franks recover $3,500.00 over from Capitol Aggregates by reason only of the above described indemnity agreement between them; and,

(d) Great American be denied recovery of $3,500.00 from Capitol Aggregates by reason of its subrogation rights with respect to the settlement in question.

While this suit has its basis in the principles of subrogation incorporated in Sec. 6a of Art. 8307, Vernon's Texas Civil Statutes, we do not copy its provisions because they are not controversial either in meaning or application, nor do they include any authorization for or limitation on the right of an employee to compromise and settle his claim against a tortfeasor. The law on these matters is all court made although, as stated, legislative policy is gleaned from Sec. 6a, supra.

We believe that the judgment of the trial court is correct and that we must sustain it under the authority of Pan American Insurance Company v. Hi-Plains Haulers, Inc., 163 Tex. 1, 350 S.W.2d 644. In that case the workmen's compensation insurance carrier paid the injured employee $3,500.00 in settlement of his claim. Such employee then sued a third party tortfeasor and the insurance carrier intervened. The employee settled his part of the suit for $1750.-00. The insurance carrier refused to accept a similar amount from the tortfeasor and the trial proceeded and a judgment for $1500.00 was obtained. The Court held that the insurance carrier was entitled to recover from the tortfeasor the sum of $1750.00, the settlement amount. We quote from the Court's opinion:

"It is now the law in this state that the third party's negligence need not be judicially established before the compensation carrier is entitled to assert its claim for subrogation and where the employee and the third party entered into a settlement, both employee and the third party were liable to the carrier for the amount so paid up to the amount of compensation paid by the carrier to the employee. Traders & General Insurance Co. v. West Texas Utilities Co., supra [140 Tex. 57,

---

1. Capitol Aggregates is the only appellant. However, it was agreed that, "In view of the indemnity agreement between Franks and Capitol Aggregates, Great American has agreed that Capitol Aggregates itself may urge in this appeal any contention that Mr. Franks himself could urge. However, as to such contentions Capitol Aggregates merely stands in Mr. Franks' stead and voices herein his individual position."

165 S.W.2d 713]. Likewise it was held in Fort Worth Lloyds v. Haygood, supra [151 Tex. 149, 246 S.W.2d [865] 869], that the first money 'paid or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no rights to any funds; * * *.'

■ Under the law thus announced we are of the opinion and so hold that Pan American is entitled to a judgment against Hi-Plains for the sum of $1,750 which was the first money paid in this case. The contention made by Hi-Plains, however, is that this amount was tendered and refused and Pan American elected to proceed with its suit and therefore was entitled to recover only the sum of $1,500 and no more, being the amount fixed as damages.

We have found no case squarely in point but we are of the opinion that Pan American was entitled to collect the $1,750 without being required to release Hi-Plains from any further demands. Pan American had the right to proceed to trial and have submitted to the jury the amount of damages. If the amount so found was equal to or in excess of the compensation so paid then Pan American would have been entitled to collect from Hi-Plains in full. In this case, however, the jury found that the damages were only $1,500, less than the amount paid by Hi-Plains in settlement.

The limit of Hi-Plains' liability, had there been no settlement, was the amount of damages occasioned by its negligence and no more. On the face of things Hi-Plains made a rather unfavorable settlement, but it is not to be punished or penalized for that by having to suffer what would in effect be a double recovery or to have its liability increased by more than the sum it paid in settlement. * * *

We therefore hold that Pan American is entitled to a judgment against Hi-Plains Haulers, Inc. for the sum of $1,750 and no more."

■ Insofar as the refusal of the trial court to render judgment against Capitol Aggregates for the $3,500.00 paid by it to Franks is concerned,[2] appellee concedes that the opinion in Hi-Plains is conclusive against it. This is true because the Court there held that a tortfeasor could not be held liable for both the amount paid in settlement and the amount of the judgment, recovery there being allowed for the greater sum paid by way of settlement.

■ The liability of Mr. Franks for the $3,500.00 paid him by Capitol Aggregates in settlement of his claim for any excess damages above the sum required to reimburse Great American for what it had paid Franks is clearly established under the holding of the Supreme Court in Fort Worth Lloyds v. Haygood, supra, quoted in Hi-Plains and which we have copied.

This $3,500.00 belonged to Great American when paid to Franks and it still belongs to Great American because Great American has not been paid in full the amount paid in compensation to Franks.

The judgment here is consistent with all adjudicated cases considering the right and incidents of subrogation as provided in Sec. 6a. It holds Franks liable for settlement money received by him it appearing that his insurance carrier had not made full recoupment. It exonerates the third party tortfeasor from double liability to the insurance carrier, holding that it is liable only for the amount of the jury verdict and not also liable for the lesser amount paid in settlement, the jury verdict being the greater.

2. This question is before us under a cross-point made by appellee.

It is true that Franks recovered judgment over and against Capitol Aggregates for the $3,500.00 recovered by Great American against Franks. This is because, and only because, Capitol Aggregates agreed to indemnify Franks against such recovery. This was the own doing of Capitol Aggregates, and it makes no complaint in this regard.

No error appearing, the judgment of the trial court is affirmed.

Affirmed.

ARCHER, C. J., not participating.