**CAPITOL AGGREGATES, INC., Petitioner,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Respondent.**

No. A–11192.

Supreme Court of Texas.

Nov. 23, 1966.

Rehearing Denied Dec. 21, 1966.

Groce, Hebdon, Fahey & Smith, San Antonio, Clark, Thomas, Harris, Denius & Winters, John Coates and Mary Joe Carroll, Austin, for petitioner.

Brown, Sparks & Erwin, Will Barber, Austin, for respondent.

WALKER, Justice.

On the single question presented by this appeal, we hold that a compensation carrier is entitled, in the exercise of its subrogation rights and for the purpose of reimbursing itself as provided in Section 6a of Article 8307, to recover from a third party tort-feasor the damages assessed by the jury against the latter and also recover from the employee any money paid him by the tort-feasor in settlement of potential excess liability.

There is no dispute as to any of the material facts. On October 6, 1962, Costilla W. Franks suffered accidental injuries in the course of his employment as an employee of W. R. Morgan Construction Company. He recovered judgment against his employer's compensation carrier, Great American Insurance Company, for compensation benefits in the amount of $12,146.65, and this judgment was paid. Great American then instituted the present suit in the name of Franks and against Capitol Aggregates, Inc. as a third party tort-feasor to recover damages for the injuries sustained by Franks. On the morning the case went to trial and prior to the selection of a jury, Franks and Capitol entered into a settlement and indemnity agreement. Under and in accordance with its terms, Capitol paid Franks $3,500.00 in full settlement of his individual interest in the claim and agreed

to indemnify him against any liability to Great American for the amount so paid. The agreement further recognized that by making the settlement Capitol had obligated itself to Great American for at least $3,500.00.

The settlement was made without the consent or approval of Great American, which first learned of the same when it was announced in open court. Great American proceeded with the suit against Capitol, and Franks cooperated fully with Great American. The jury returned a verdict against Capitol for damages in the amount of $6,547.25. After the verdict and before judgment, Great American asserted its right to an additional recovery against Franks and Capitol by virtue of the $3,500.00 settlement. The trial court rendered judgment: (1) that Great American recover $6,547.25 from Capitol upon the jury verdict; (2) that Great American recover $3,500.00 from Franks by reason of its subrogation right to the proceeds of the settlement; (3) that Franks recover $3,500.00 from Capitol by reason only of the indemnity agreement between them; and (4) that Great American take nothing on the claim that it should recover an additional $3,500.00 from Capitol by reason of the settlement.

Franks did not appeal, but Capitol did and the judgment of the trial court was affirmed by the Court of Civil Appeals. 396 S.W.2d 419. Great American contended there that it should have been awarded an additional $3,500.00 to be paid directly by Capitol, but that contention was not brought forward by application for writ of error. The only question here is whether the trial court erred in awarding Great American a recovery against Capitol on the jury verdict and against Franks for the proceeds of the settlement. If the judgment against Franks is proper, Capitol is clearly responsible therefor under the terms of their indemnity agreement.

The $6,547.25 damages awarded by the jury and the $3,500.00 settlement ag-gregate less than the compensation benefits paid by Great American to Franks. Capitol recognizes that under such circumstances the compensation carrier is entitled to recover either the amount of the damages or the amount of the settlement. It argues, however, that these are inconsistent remedies or theories of recovery, and that the carrier may not enforce both. In support of that position, Capitol relies primarily upon our decision in Pan American Insurance Co. v. Hi-Plains Haulers, Inc., 163 Tex. 1, 350 S.W.2d 644. We held there that the partially reimbursed compensation carrier might recover *from the third party tort-feasor* either the amount of damages as determined by the trier of fact or the amount of the settlement paid to the workman, whichever is greater, but not both. The rights of the carrier against the workman were not considered or decided.

Section 6a of Article 8307 provides that when compensation benefits are claimed by an injured employee, the carrier shall be subrogated to his rights against a third party tort-feasor "in so far as may be necessary and may enforce in the name of the injured employé * * * or in its own name and for the joint use and benefit of said employé * * * and the association the liability of said other person." Under the terms of this statute, the compensation carrier is entitled to the first money paid to or recovered by the employee, or his representatives, by reason of the asserted liability of a third person for his injuries, and the employee or his representatives have no right to any of such funds until the carrier is paid in full. See Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865; Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713.

In each of the two cases last cited the compensation carrier urged its statutory right to the proceeds of the settlement but made no attempt to establish the third party's tort liability for the injury suffered by the employee. The carrier was held en-

titled to recover from the third party and the workman, jointly and severally, the amount of the settlement to the extent necessary to reimburse itself as provided in Section 6a. In reaching this conclusion, the court reasoned that the transaction between the employee and the third party contravened the legislative purpose in enacting the statute and was unlawful. It then applied the rule that when, in a single three-party transaction, money belonging to one of the parties is wrongfully paid by the second to the third, the latter two are jointly and severally liable for the funds so diverted. See Traders & General Ins. Co. v. West Texas Utilities Co., supra; Shell Petroleum Corp v. Tippett, Tex.Civ.App., 103 S.W.2d 448 (wr. ref.).

The insurance company sought to carry these decisions to their logical extreme in *Hi-Plains*, but we concluded that it is not essential to the statutory scheme that a settlement with the workman should subject the third party tort-feasor to liability to the carrier for the amount of the settlement plus the damages awarded by the jury. It was accordingly held that as against such third party, the carrier might recover either the damages assessed or the amount of the settlement but not both. The basis of this holding is stated in the opinion as follows:

> "The limit of Hi-Plains' liability, had there been no settlement, was the amount of damages occasioned by its negligence and no more. On the face of things Hi-Plains made a rather unfavorable settlement, but it is not to be punished or penalized for that by having to suffer what would in effect be a double recovery or to have its liability increased by more than the sum paid to it in settlement."

The considerations which were determinative in *Hi-Plains* lead to a somewhat different conclusion when the carrier asserts a right to the proceeds of the settlement against the workman. In that situation the party entitled to the money is attempting to recover from one who wrongfully received the same, and the latter will not be subjected to double liability. Section 6a was adopted to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. See Consolidated Underwriters v. Kirby Lumber Co., Tex.Com. App., 267 S.W. 703. These purposes will not be accomplished if the employee is allowed to retain the proceeds of the settlement in addition to his compensation benefits while the carrier is only partially reimbursed for what it has paid.[1] Capitol says that the practical effect of the decision of the Court of Civil Appeals in this case is to prevent a settlement by the injured employee for less than the amount required to reimburse the compensation carrier. It seems to us that this is an additional reason for upholding the judgments of the courts below. As pointed out in *West Texas Utilities*, "[t]he right of the association to reimbursement out of the first money paid is statutory; and in event the employee is permitted, without the consent of the association, to settle his claim against the alleged third person tort feasor, thus eliminating his further interest in the suit, the provision of the statute authorizing the insurance association to *enforce for the joint use and benefit of said employee and the association* the liability of such tort feasor, is thereby nullified."

We hold that the trial court properly rendered judgment in favor of Great American against Capitol on the jury verdict, in favor of Great American against Franks by reason of the settlement, and in favor of Franks against Capitol by reason of their indemnity agreement. The judgment of the Court of Civil Appeals is accordingly affirmed.

---

1. Here Franks will retain the proceeds of the settlement and Capitol will, in effect, pay a like amount to Great American in addition to the damages, but this results from the contract of indemnity which capitol made with Franks.

SMITH, Justice (concurring).

The result reached in this case is correct. The Court, however, declines to overrule Pan American Insurance Co. v. Hi-Plains Haulers, Inc., 163 Tex. 1, 350 S.W. 2d 644 (1961). The Court seems to distinguish the present case from *Hi-Plains* solely upon the basis of parties and the amount of recovery in the suit against the tortfeasor. In *Hi-Plains,* the settlement between the employee and tortfeasor Hi-Plains was for the sum of $1,750.00. Pan American, the compensation carrier, continued the suit after settlement against the tortfeasor, Hi-Plains. This resulted in a judgment for $1,500.00, a sum less than the amount of the settlement. The carrier had paid compensation in the sum of $3,908.05. In the present case, the settlement between the employee and the tortfeasor was for the sum of $3,500.00. Great American, the compensation carrier, recovered a judgment from Capitol Aggregates, the tortfeasor, in the sum of $6,547.25. Judgment is being upheld for Great American merely because of difference in parties and because the judgment obtained by Great American against the tortfeasor is more than the amount of the settlement. The aggregate of the two sums is less than the sum of $12,146.65, which was the amount of compensation paid by Great American to the employee, Franks.

In both cases, the subrogation rights of the carrier are definitely fixed by Section 6a of Article 8307, Vernon's Annotated Civil Statutes of Texas. This statute does not provide for separate causes of action. The carrier's rights should not be made to turn upon the result of a jury trial after settlement. Whatever the recovery in damages plus the amount of settlement might be, the carrier paying compensation should be entitled to the total sum so long as such sum does not exceed the amount of compensation paid. There is no real distinction between *Hi-Plains* and the present case.

The Court should so hold and expressly overrule *Hi-Plains.* The statute does not limit the carrier to the first money paid to or recovered by an employee. The pertinent part of Section 6a, supra, reads:

"If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

The applicable portions of Section 6a were adopted primarily to protect the compensation carrier. In every instance where the carrier pays compensation, it is entitled to full recoupment out of all moneys paid to the employee by way of settlement plus all sums recovered by way of damages from the tortfeasor. This should have been the holding in *Hi-Plains.* In *Hi-Plains,* four Justices dissented. Therefore, I have no hesitancy in suggesting that the principles of law announced in that case be overruled. See Federal Royalty Co. v. State, 128 Tex. 324, 98 S.W.2d 993 (1936).