

# The Attorney General of Texas

November 30, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George N. Rodriguez, Jr.
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas 79901

Opinion No. MW-395

Re: Discretion of the Highway and Public Transportation Commission to withhold funds from designated recipients under the formula program of article 6663c

Dear Mr. Rodriguez:

You ask whether the State Department of Highways and Public Transportation "can refuse to provide funds under the formula program pursuant to Art. 6663c §3, Tex. Rev. Civ. Stat." The provision to which you refer was enacted in 1975 as part of a "mass transportation" legislative package consisting of companion bills in the Senate that have been codified as articles 6663, 6663b and 6663c, V.T.C.S. They are in pari materia, and should be read together. See 53 Tex. Jur. 2d Statutes §188, at 286.

Article 6663b, section 1, V.T.C.S., provides, among other things, that the State Department of Highways and Public Transportation:

> (1) may purchase, construct, lease, and contract for public transportation systems in the state;
>
> (2) shall encourage, foster, and assist in the development of public and mass transportation, both intracity and intercity, in this state;
>
> . . . .
>
> (4) shall develop and maintain a comprehensive master plan for public and mass transportation development in this state;
>
> (5) shall assist any political subdivision of the state in procuring aid offered by the federal government for the purpose of establishing or maintaining public and mass transportation systems;

(6) shall conduct hearings and make investigations it considers necessary to determine the location, type of construction, and cost to the state or its political subdivisions of public mass transportation systems owned, operated, or directly financed in whole or in part by the state;

. . . .

(8) may apply for and receive gifts and grants from governmental and private sources to be used in carrying out its function under this Act; [and]

(9) may represent the state in public and mass transportation matters before federal and state agencies;

. . . .

A companion statute, article 6663c, V.T.C.S., deals with the administration and funding of mass transportation projects. Section 1(b) thereof states:

The purposes of this Act are to provide:

(1) improved public transportation for the state through local governments acting as agents and instrumentalities of the state;

(2) state assistance to local governments and their instrumentalities in financing public transportation systems to be operated by local governments as determined by local needs; and

(3) coordinated direction by a single state agency of both highway development and public transportation improvement. (Emphasis added).

This statute establishes a "formula" program and a "discretionary" program for funding projects, both programs to be administered by the State Highway and Public Transportation Commission. "Formula program" funds may be used during the year they are allocated therefor only to provide sixty-five percent (65%) of the local share requirements of federally funded projects for capital improvements, whereas "discretionary program" funds may be used when federal funds are unavailable. Id. §§3(d), 4(c).

Subsection 3(c) of article 6663c provides that the funds allocated to the formula program are to be apportioned annually on the basis of a formula recognizing population and population density. The

designated recipients of an eligible urbanized area "are entitled to receive an amount equal to [the sum derived by applying the formula to the funds allocated to the entire formula program]." A "designated recipient" is defined by subsection 3(b) of the statute as a local governmental entity designated as a recipient of federal funds by the governor with the concurrence of the Secretary of the United States Department of Transportation. V.T.C.S. art. 6663c, §3(b). "Local share requirements" are the amounts required and eligible to match federally funded projects, and "federally funded projects" are those "proposed for funding under [article 6663c]" being funded in part under the Urban Mass Transportation Act [49 U.S.C.A. §16.01 et seq.], or other federal programs. See V.T.C.S. art. 6663c, §§2(4), 2(5).

In suggesting that the commission has no discretion in the matter, you rely most heavily upon subsection 3(e) of article 6663c, which reads:

> Within 30 days after an application for funds under the formula program is received, if there are unallocated formula funds for the applicant, the commission shall certify to the federal government that the state share of the local share requirement is available. The application must contain a certification by the designated recipient that:
>
> (1) funds are available to provide 35 percent of the local share requirement of federally assisted programs; and
>
> (2) the proposed public transportation project is consistent with ongoing, continuing, cooperative, and comprehensive regional transportation planning being carried out in accordance with the provisions of the Urban Mass Transportation Act of 1964, as amended, and the Federal-Aid Highway Act of 1973, as amended. (Emphasis added).

In our opinion, the requirement of subsection 3(e)(2) of article 6663c that the local designated-recipient certify the proposed transportation project to be consistent with "ongoing, continuing, cooperative, and comprehensive regional transportation planning being carried out in accordance with the provisions of the Urban Mass Transportation Act" is a requirement that the designated recipient satisfy the State Highway and Public Transportation Commission of that fact. Cf. 49 U.S.C. §§1604(g), 1607(a), (b)(1) (cooperation with state required). The commission is charged with administrative control of the State Department of Highways and Public Transportation, article 6663, V.T.C.S., and the development and maintenance of a comprehensive master plan for public and mass transportation in this state is expressly lodged in the department by article 6663b. The

"application for funds under the formula program" which such a local certification must accompany under subsection 3(e) of article 6663c is clearly to be addressed to the commission, not to the federal agency.

Federal law must be complied with in order to receive federal funds, but such requirements do not limit or affect the authority of either local governments or the State Department of Highways and Public Transportation to accept or refuse them. See Futch v. Greer, 353 S.W.2d 896 (Tex. Civ. App. - Amarillo 1962, writ ref'd n.r.e.), cert. denied, 372 U.S. 913 (1963). See also Calvert v. Capital Southwest Corporation, 441 S.W.2d 247 (Tex. Civ. App. - Austin 1969, writ ref'd n.r.e.), appeal dismissed, 397 U.S. 321 (1970); 28 Tex. Jur. 2d Highways and Streets §174, at 206. The legislature, which controls such matters in Texas, has expressly charged the department with a duty to develop and maintain a comprehensive master plan for public and mass transportation development in this state, and has expressly invested it with authority to conduct hearings and make investigations "it considers necessary to determine" the location, type of construction, and cost of systems financed in whole or in part by the state. The word "determine" means to settle, to come to a decision, to decide after investigation. Wood v. Department of Public Safety, 311 S.W.2d 274, 276 (Tex. Civ. App. - San Antonio 1958, no writ). See also Federal Royalty Co. v. State, 98 S.W.2d 993, 995 (Tex. 1936). In our opinion this authority carries with it the incidental authority to determine whether locally sponsored projects are consistent with the state's comprehensive master plan for the development of public and mass transportation in Texas. See V.T.C.S. art. 6666 (rulemaking power).

Within 30 days after an application is received, the commission is required by subsection 3(e) to certify to the federal government that the state share of the local share requirement is available "if there are unallocated formula funds for the applicant." It is argued that this provision imposes a ministerial duty upon the commission to make the certification if by mathematical calculation it can be determined that a sufficient amount remains available from the amount originally "apportioned" for use by local governments in that area. But, we are of the opinion that the commission is entitled to first satisfy itself that the certification of consistency made by the local applicant speaks the truth.

We do not understand subsection 3(e) of article 6663c to be a legislative command that the commission fund with state money projects that the department considers in conflict with the state's master plan or contrary to the interests of the state insofar as the location, types of construction and costs of proposed projects are concerned. The word "shall," as used in statutes, sometimes has a directory and not a mandatory meaning. Thomas v. Groebl, 212 S.W.2d 625 (Tex. 1948). We think it does so here. See Lewis v. Jacksonville Building and Loan Association, 540 S.W.2d 307 (Tex. 1976). In our opinion, the State Highway and Public Transportation Commission can refuse to provide funds under the formula program established by article 6663c,

V.T.C.S., if it reasonably determines that the project proposed for funding is inconsistent with the purposes of article 6663c.

## S U M M A R Y

The Highway and Public Transportation Commission is empowered to refuse funds to a designated recipient under the formula program established by article 6663c, V.T.C.S., if it reasonably determines that the project proposed is inconsistent with the purposes of article 6663c.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Bruce Youngblood