# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00480-CV

**Texas Council Risk Management Fund, as Subrogee for Michael Stary, Appellant**

**v.**

**Evelyn Caswell and Allstate Insurance Companies, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 205,559B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Texas Council Risk Management Fund appeals a judgment that it take nothing on its subrogation claim against Evelyn Caswell.[1]  The trial court held that the Fund was barred from recovering damages from Caswell, finding that a release of all claims against Caswell signed before trial by Michael Stary, the Fund's insured, was effective against the Fund because, as a subrogee, the Fund stepped into the shoes of its insured and was subject to any defense that would be available to Caswell against Stary.  We will reverse the trial court's judgment.

## BACKGROUND

Caswell was involved in a motor-vehicle collision with Stary on September 9, 2002. Stary, an employee of the Central Counties Center for Mental Health and Mental Retardation, was

---

[1] The Fund also obtained a judgment confessed before trial by Allstate, Caswell's insurer, for $825, representing the funds paid in settlement to the insured by Allstate on behalf of Caswell. No party has contested that award on appeal.

in the course and scope of his employment at the time of the accident. The Central Counties Center for MHMR is a self-insured governmental entity for workers' compensation purposes and is a member of the Fund, which is a self-insurance pool formed by Texas MHMR centers. The Fund paid medical benefits on Stary's behalf totaling $9,376.13 and paid $11,280.00 in impairment income benefits to Stary. All these benefits were paid by the Fund prior to November 2003.

The Fund's third-party administrator, J.I. Specialty Services, Inc., gave notice of the Fund's subrogation lien[2] to Caswell in February 2003. Caswell's insurance carrier, Allstate, acknowledged notice of the lien in March 2003. Allstate paid Stary's property-damage claim in full and then on February 11, 2004, sent Stary a check for $825 that contained the notation, "FULL AND FINAL SETTLEMENT OF BODILY INJURY CLAIM BECAUSE OF AN ACCIDENT ON 09/09/02." Stary cashed the check on February 17. Neither the Fund nor its administrator had knowledge of any settlement until November 16, 2004.

The Fund sued Caswell for negligence and to enforce its statutory right of reimbursement on August 6, 2004; it added a cause of action against Allstate for conversion of the settlement funds in an amended petition filed on November 29, 2004. Stary did not participate in the suit. The final judgment states that Allstate "confessed to a judgment owed to [the Fund] in the amount of $825.00, based on a finding of conversion by the Court." A jury trial was held on January 30 and 31, 2006. Because the Fund and Caswell entered into a stipulation on the issue of

---

[2] *See* Tex. Lab. Code Ann. § 417.001(b) (West 2006) ("If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. The insurance carrier's subrogation interest is limited to the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary . . . .").

Caswell's negligence and because the Fund's claim against Allstate was resolved before trial, the only issue decided by the jury was the amount of damages owed by Caswell.

The jury returned a verdict awarding the Fund $10,941.00 against Caswell. The trial court, however, rendered judgment that the Fund recover nothing from Caswell "based on the Court's finding that [the Fund]'s claim against Defendant Caswell is barred by virtue of the earlier settlement between Michael Stary and Evelyn Caswell's carrier, Allstate Insurance Companies." In its sole issue on appeal, the Fund challenges the trial court's legal conclusion that the claim is barred.[3]

## DISCUSSION

We review the trial court's legal conclusions de novo. *MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). It is well-settled Texas law that a settlement between an insured and a third-party tortfeasor after the insurer has paid a claim does not extinguish the insurer's subrogation rights—by paying part of its insured's loss, the insurer becomes a pro tanto owner of the cause of action whose rights override those of the injured worker, and the viability of its part of the cause of action no longer rises and falls with the insured's part of the cause of action. *See Thoreson v. Thompson*, 431 S.W.2d 341, 347 (Tex. 1968); *Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922 (Tex. 1966); *Fort Worth Lloyds v. Haygood*, 246 S.W.2d 865, 870 (Tex. 1952); *Traders & General Ins. Co. v. West Texas Utils. Co.*, 165 S.W.2d 713, 716 (Tex. 1942); *In re Romero*, 956 S.W.2d 659, 661 (Tex. App.—San Antonio 1997, orig. proceeding); *Hartford Cas. Ins. Co. v. Albertsons Grocery Stores*, 931 S.W.2d 729, 734

---

[3] Caswell did not file a brief in this Court.

(Tex. App.—Fort Worth 1996, no writ); *Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex. App.—San Antonio 1986, writ dism'd w.o.j.); *Southern Pac. Transp. Co. v. State Farm Mut. Ins. Co.*, 480 S.W.2d 59, 63 (Tex. Civ. App.—Corpus Christi 1972, no writ).  Therefore, the trial court erred by holding that the Fund's subrogation claim was barred because of Caswell's settlement with Stary through Allstate.  We thus sustain the Fund's issue.

We may not, however, simply render judgment for the Fund in the amount of $10,941.00.  We hold that this amount must be reduced by $825 to reflect a credit for the money already paid by Allstate to the Fund.  The reason for this is that the Texas Supreme Court has held that a "compensation carrier might recover *from the third party tort-feasor* either the amount of damages as determined by the trier of fact or the amount of the settlement paid to the workman, whichever is greater, but not both."  *Capitol Aggregates*, 408 S.W.2d at 923; *see also New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 200 (Tex. App.—Dallas 1993, no writ) (holding, in a case where the workers' compensation insurance carrier sued the third-party tortfeasor's liability insurance carrier, that "if the [workers' compensation insurance] carrier pursues the injured worker's claim against the third party tortfeasor and recovers a judgment, the carrier may also recover the damages found by the fact finder *or* the amount of the settlement paid by the third party tortfeasor to the injured worker *but not both*").

The purpose of this rule is to limit the liability that may be incurred by third-party tortfeasors.  As the Texas Supreme Court has noted, in the absence of a settlement, the limit of a third-party tortfeasor's liability is "the amount of damages occasioned by its negligence and no more."  *Pan American Ins. Co. v. Hi-Plains Haulers, Inc.*, 350 S.W.2d 644, 647 (Tex. 1961).  In cases where the tortfeasor does settle with the injured worker, the supreme court has held that the

tortfeasor, having already paid the settlement money to the injured worker, should not "have its liability increased by more than the sum it paid in settlement" by being forced to pay the amount of the settlement a second time—to the workers' compensation insurance carrier—*and* the damages found by the jury. *Id.*

A workers' compensation insurance carrier, however, need not choose between recovering settlement funds or damages awarded by a jury—the carrier can recover the settlement money from the injured worker and the jury's damages from the third-party tortfeasor. *Capitol Aggregates*, 408 S.W.2d at 924 ("The considerations which were determinative in *Hi-Plains* lead to a somewhat different conclusion when the carrier asserts a right to the proceeds of the settlement against the workman. In that situation the party entitled to the money is attempting to recover from one who wrongfully received the same, and the latter will not be subjected to double liability."); *New York Underwriters*, 856 S.W.2d at 200 ("Under these circumstances, the carrier may recover the settlement proceeds from the injured worker.").

Here, the Fund could have sued Stary, the injured worker, to recover the $825 in settlement funds and Caswell, the third-party tortfeasor, to recover the $10,941.00 in damages awarded by the jury. Instead, the Fund chose to sue the third-party tortfeasor and her insurer for both. The Fund was required to elect between recovering the settlement money or the damages found by the jury because it is not entitled to recover both from Caswell (and her insurer). We will credit the amount paid by Allstate against the greater amount, the jury's damages, which the Fund should have been allowed to elect to receive. *See Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987) ("[W]here the prevailing party fails to elect between alternative

5

measures of damages, the court should utilize the findings affording the greater recovery and render judgment accordingly.").

## CONCLUSION

We reverse the portion of the trial court's judgment holding that the Fund's claim against Caswell was barred by Stary's settlement with Caswell. We render judgment for the Fund against Caswell in the amount of $10,116.00. We remand the case to the trial court so that it can rule on the Fund's requests for pre- and post-judgment interest.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Reversed and Rendered in part; Reversed and Remanded in part

Filed:   May 18, 2007