**CITY OF GARLAND, Texas d/b/a Garland Power and Light, Appellant,**

**v.**

**Pam HUSTON, Individually and as Guardian of the Persons and Estate of Brian Allen Huston and Bradley Kyle Huston, Minors, and as Dependent Administrator of the Estate of Dennis D. Huston; Helen M. Huston, Ralph M. Huston; and Pam Huston's Attorneys of Record, Carl Luna, Kenneth A. Garner, and the Firm, Luna & Ballard, Appellees.**

No. 05–85–00300–CV.

Court of Appeals of Texas, Dallas.

Dec. 5, 1985.

Rehearing Denied Jan. 16, 1986.

Charles M. Hinton, Jr., City Atty., Hermon L. Veness, Jr., Asst. City Atty., Garland, for appellant.

Carl Luna, Kenneth A. Garner, Garland, for appellees.

Before STEPHENS, WHITHAM and HOWELL, JJ.

STEPHENS, Justice.

The City of Garland appeals from the trial court's allocation of attorney's fees pursuant to article 8307, section 6a of the Act.[1] The City contends that appellees' attorneys were not entitled to attorney's fees out of the City's subrogation recovery because (1) the attorney's services were not rendered on behalf of the City, (2) there existed a conflict of interest between the City and the appellees, and (3) appellees' attorneys failed to show they filed the written authorization and consent form as required by the Act. We disagree with each of appellant's contentions. Appellees raise two cross-points contending the trial court erred (1) in awarding the City's attorneys a portion of the subrogation recovery as attorney's fees and (2) in releasing the City from any further liability to the Huston minors. We disagree with both cross-points. The judgment of the trial court is affirmed.

In its first three points of error, the City contends the trial court erred as a matter of law in awarding appellees' attorneys a portion of the subrogation recovery and that there is no evidence, or insufficient evidence, to support the trial court's conclusion that the services and efforts of the appellees' attorneys resulted in a benefit to the City.

■ The City of Garland is self-insured and provides worker's compensation benefits to its employees under article 8309h of the Act. Therefore, it is an "insured association" under article 8307, section 6a. *Metropolitan Transit Authority v. Plessner*, 682 S.W.2d 650, 651 (Tex.App.—Houston [1st Dist.] 1984, no writ). Where a worker is represented by an attorney, article 8307, section 6a establishes three separate conditions under which the worker's attorney may recover fees out of the association's subrogation recovery:

(1) where the insurer has an attorney, but said attorney does not actively represent it, in which case the worker's attorney may recover up to one-third of the recovery,

(2) where the worker's attorney represents both the worker and the insur-

---

1. All statutory references are to the Worker's Compensation and Crime Victims Compensation Act, TEX.REV.CIV.STAT.ANN. art. 8306 *et seq.* (Vernon Supp.1985).

er, in which case the fee shall be the amount agreed upon by the parties, and

(3) where the insurer has an attorney who actively represents it and actively participates in obtaining a recovery, in which case the court shall award and apportion the fee out of the recovery between the worker's attorney and the association's attorney taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate not to exceed one-third of the subrogation recovery.

*Plessner,* 682 S.W.2d at 652; *Hartford Insurance Co. v. Branton & Mendelsohn, Inc.,* 670 S.W.2d 699, 701 (Tex.App.—San Antonio 1984, no writ); *International Insurance Co. v. Burnett and Ahders,* 601 S.W.2d 199, 201 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Insurance Company of North America v. Stuebing,* 594 S.W.2d 565, 566–67 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.).

■ After reviewing the record, we conclude that the evidence supports the trial court's conclusion that the services of appellees' counsel did accrue a benefit to the City. Appellees' counsel, among other things, prepared and filed detailed pleadings setting out the cause of action against the third party, contacted and deposed all witnesses except those deposed by the third party, contacted all of the experts, video-taped the disassembly of the transformer, prepared voir dire, special issues, and opening statements, and negotiated a detailed structured settlement with the third party. These efforts brought about the settlement and recovery by the City of its subrogation interest. The efforts accrued a substantial benefit to the City. *See Chambers v. Texas Employers Ins. Assoc.,* 693 S.W.2d 648, 651 (Tex.App.—Dallas 1985, no writ). Accordingly, the City's first three points of error are overruled.

■ Turning to appellees' first cross-point, we conclude that, in light of the complexity of the case and the precarious position of the City's counsel in the suit below, there is sufficient evidence to support the trial court's conclusion that the City was actively represented by its counsel and that its counsel did actively participate in obtaining a recovery. *See University of Texas System v. Melchor,* 696 S.W.2d 406, 408–409 (Tex.App.—Houston [14th Dist.] 1985, no writ). The City's attorneys did file intervention pleadings, attend depositions, help appellees' attorneys gather evidence, interview witnesses, and prepare testimony to prove up the amount of the subrogation interest. To what extent these services of the City's attorneys accrued a benefit to the City was within the sound discretion of the trial court and its judgment will not be disturbed without a clear showing of abuse of that discretion. *Hartford,* 670 S.W.2d at 704. While we may have awarded the City's counsel less than did the trial court, there is no showing that the trial court abused its discretion. Appellees' first cross-point is overruled.

■ The City next contends that because of the conflict of interest between the City and the appellees, appellees' attorneys could not render services on behalf of the City. Article 8307 section 6a does not require the service to be rendered "on behalf" of the City; rather, it states that the trial court, in apportioning the fee among the attorneys, should consider as a factor the "benefit *accruing to* the association [the City] as a result of such attorney's service." *Stuebing,* 594 S.W.2d at 567 (emphasis added). We conclude there was no conflict of interest. Appellees' attorneys did not *represent* the City, but the City did benefit from the service and efforts of appellees' attorneys. The point of error is overruled.

■ In its final point of error, the City contends that, since appellees' attorneys did not file a full written disclosure, they were not entitled to receive any fees. Article 8307, section 6a requires the disclosure statement only where the worker's attorney is also *representing* the subrogated association. *International Insurance,* 601 S.W.2d at 201. The City's final point of error is overruled.

In appellees' second cross-point, they contend the trial court erred in releasing the City from future liability to the Huston minors for future compensation benefits because the minors have not "recovered" any sum of money and will not until 1993 and 1997. Appellees cite no authority to support their restricted definition of "recover" under article 8307, section 6a. We do not find persuasive their argument that the minors have not "recovered" from the third parties under the judgment. "Recovery" is defined in Black's Law Dictionary 1147 (5th ed. 1979) as follows: "In its most extensive sense, a recovery is the restoration or vindication of a right existing in a person, by formal judgment or decree of a competent court. . . ." *See St. Paul Fire & Marine Ins. Co. v. Wood*, 242 Ark. 879, 416 S.W.2d 322, 327 (1967). The judgment provides such a recovery for the minors, but delays payments until future dates. This right to these payments is vested; each minor's estate may enforce payment should the minor die before the payment dates. We conclude that the minors have "recovered" under article 8307, section 6a. The trial court did not err in releasing the City from future liability since the recovery was adequate to cover the future liability.

The judgment is affirmed.