**AMERICAN GENERAL FIRE &
CASUALTY COMPANY,
Appellant,**

v.

**Monika G. McDONALD, Individually and
as Representative of the Estate of
James W. McDonald, and as Next
Friend of "Child" McDonald, and Den-
nis McDonald and Patty McDonald, In-
dividually, Appellees.**

No. 04–89–00252–CV.

Court of Appeals of Texas,
San Antonio.

May 30, 1990.

Rehearing Denied July 24, 1990.

Nissa A. Mykleby, Karen A. Angelini,
Carman M. Garufi, Brock & Mathis, San
Antonio, for appellant.

James L. Branton, Joanne M. Berscheidt,
Branton & Hall, Thomas H. Crofts, Jr.,
Groce, Locke & Hebdon, Joe Frazier
Brown, Richard J. Reynolds, III, Thornton,
Summers, Biechlin, Dunham & Brown,
P.C., Edward P. Cano, Mendez & Cano, San
Antonio, for appellees.

Before REEVES, PEEPLES and
CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a judgment allo-
cating damages caused by a third party
among a deceased worker's beneficiaries
and ordering the worker's compensation in-

surance carrier to continue weekly death benefits to a minor beneficiary.

The deceased workman, while performing his job, was killed by a third party who struck him with a vehicle. The deceased's widow (Monika McDonald) brought a third party action against the driver of the vehicle for the death of her husband. She brought suit individually, as representative of the deceased's estate, and as next friend of their child (Kevin McDonald). The deceased's parents (Dennis and Patty McDonald) were also parties to the suit. American General Fire & Casualty Company (appellant) intervened in order to recover worker's compensation benefits which it had already paid and for which it would be liable in the future. The tortfeasor[1] and plaintiffs (appellees) settled the third party claim. The trial court allocated the damages among the widow and the parents, awarded no part of the third party payment to the minor, and ordered Intervenor to continue paying weekly death benefits of $91.50 to the minor child, until the child attains the age of eighteen, at which time the $25,000.00 of the mother's recovery which she agreed to hold in safekeeping would become available to the child.

■ Intervenor brings this appeal, urging that the trial court erred in failing to terminate future worker's compensation death benefits to the minor child pursuant to TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1990)[2], because the terms of the judgment effectively resulted in a recovery from the third party tortfeasor for the minor child.

It is obvious that plaintiffs were attempting to circumvent the provisions of article 8307, section 6a, by placing $25,000.00 of the recovery in a "voluntary" safekeeping agreement. However, we find that the terms of the judgment clearly indicate an intent to award the minor $25,000.00. Therefore, we reverse the judgment of the trial court and remand the cause to the trial court to award Intervenor the appro-

priate credit for future death benefits it will pay the minor child.

In the judgment, the trial court stated that "all proceeds are apportioned to the surviving wife and parents of the Deceased...." The court awarded $1,533.00 to Intervenor, $10,000.00 to the parents, and $128,467.00 to

the surviving mother of the Minor Child, whose obligation it is to care for, raise and support said Minor Child. It appearing to the Court that an apportionment of the recovery to the Minor Child at the present time would have the effect of terminating the worker's compensation benefits, and it further appearing to the Court that the surviving widow, MONIKA G. McDONALD, has entered into an agreement with DENNIS McDONALD, the father of the Deceased and the grandfather of the Minor Child, KEVIN McDONALD, and with their attorney, Michael Black, to safeguard $25,000 of the recovery payable to MONIKA G. McDONALD, to be voluntarily turned over by them to the Minor Child when he reaches that age of 18, for use as a college fund and for other necessities. The future obligation of the workers' compensation carrier, the Intervenor herein, to pay benefits to said Minor Child, KEVIN McDONALD, after the age of 18, should he be a student in an accredited college and otherwise be entitled to receive workers' compensation benefits, is hereby terminated.

. . . .

The Court notes that the duly appointed Guardian Ad Litem has reviewed and approved the Agreement entered into between DENNIS McDONALD, MONIKA G. McDONALD, and MICHAEL BLACK, for the protection of funds awarded herein to MONIKA G. McDONALD, to be voluntarily turned over by her to and for the use of KEVIN McDONALD when he reaches the age of 18 in the year 2005, and annually thereafter, until the year 2008, after which time all of the $25,000 invested pursuant

---

1. The tortfeasor is not a party to this appeal.

2. All statutory references are to TEX.REV.CIV. STAT.ANN. art. 8307 (Vernon Supp.1990) unless otherwise indicated.

to the Agreement, plus any and all interest thereon or other increase, will be turned over to KEVIN McDONALD.

. . . .

IT IS FURTHER ORDERED that nothing in this Judgment shall operate to relieve the Intervenor, AMERICAN GENERAL FIRE & CASUALTY COMPANY, of its obligation to continue payment of weekly benefits to the Minor Child, KEVIN McDONALD, in the sum of $91.50, which are currently being paid, said obligation to continue in this amount until he reaches the age of 18.

. . . .

IT IS FURTHER ORDERED that, based on the agreement that has been entered into by MONIKA G. McDONALD with DENNIS McDONALD and MICHAEL BLACK, and their voluntary agreement to set aside and safeguard monies for the education of the Minor Child upon his reaching the age of 18 and for payment of other necessities and living expenses at such age, there will be no obligation of the Intervenor, AMERICAN GENERAL FIRE & CAUSUALTY [sic] COMPANY, to pay workers' compensation benefits from and after September 6, 2005, the 18th birthday of KEVIN McDONALD, which is the date which the parties to the "safekeeping agreement" will begin turning over the proceeds of the bonds which begin maturing on July 1, 2005, and mature annually thereafter until July 1, 2008.

It further appearing to the Court that MONIKA G. McDONALD has agreed to be bound by Court Order restricting her use and access to $25,000 of the amount awarded to her out of the recovery herein, and that same has and will be used to purchase zero coupon bonds from Rotan–Mosle, and held under a "safekeeping agreement" until the years 2005, 2006, 2007, and 2008, at which dates the proceeds of such zero coupon bonds will be paid to MONIKA G. McDONALD, DENNIS McDONALD and MICHAEL

BLACK, Attorney at Law, to be donated to KEVIN McDONALD.

IT IS, ACCORDINGLY, ORDERED, ADJUDGED and DECREED that the Bonds purchased with said funds pursuant to that certain Agreement entered into between MONIKA G. McDONALD, DENNIS McDONALD and MICHAEL BLACK, Attorney at Law, be held under a "safekeeping agreement" with Rotan–Mosle until their maturity dates of 2005, 2006, 2007, and 2008, or until further Order of this Court.

Article 8307, section 6a, of the worker's compensation statute permits a deceased worker's beneficiaries to pursue a claim against a third party who caused the death of the worker and still claim or receive benefits under the act. Art. 8307, § 6a. That article provides, in pertinent part, that:

> (a) If the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law. If the claimant is a beneficiary under the death benefits provisions of Section 8a, Article 8306, Revised Civil Statutes of Texas, 1925, as amended,[3] a judgment shall not constitute an election but the amount of such recovery shall first pay costs and attorney's fees and then reimburse the association, and if there be any excess it shall be paid to the beneficiaries in the same ratio as they received death benefits and the association shall suspend further payments of benefits until the suspended benefits shall equal the amount of such excess at which time benefits shall be resumed. If compensation be claimed under this law by the injured employee

---

**3.** TEX.REV.CIV.STAT.ANN. art. 8306, § 8a (Vernon Supp.1990) names death beneficiaries as the surviving spouse, minor children, parents, and certain others not relevant to this case.

or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries.

....

(c) If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

In their pleadings at trial, plaintiffs claim they fall under the death benefits provision of subsection 6a(a). However, in their appellate briefs, both parties assert subsection 6a(c) as the applicable subsection. We find that subsection 6a(a) concerning death benefits is the appropriate provision. *See Ischy v. Twin City Fire Ins. Co.,* 718 S.W.2d 885, 887 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

The purpose of subsection 6a(a) is to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. *Capitol Aggregates, Inc. v. Great American Ins.*

*Co.,* 408 S.W.2d 922, 924 (Tex.1966); *Granite State Ins. Co. v. Firebaugh,* 558 S.W.2d 550, 551 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.).

Under subsection 6a(a), a compensation carrier has a right to the "first money" received from a third party tortfeasor. *Prewitt & Sampson v. City of Dallas,* 713 S.W.2d 720, 722 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); Art. 8307, § 6a(a). Costs and attorney's fees shall be paid first and then the carrier shall be reimbursed. The excess shall then be apportioned to the beneficiaries in the same ratio as they recovered from the tortfeasor. The carrier's obligation to pay further benefits is suspended until such time as the excess has been used. Art. 8307, § 6a(a).

The association has a right to subrogation and may enforce the liability to a beneficiary in the beneficiary's name against the third party tortfeasor. Art. 8307, § 6a(a).

■ Since the association has a right to subrogation, its right to reduce its liability due to the payment by a third party must not be compromised. *See Capitol Aggregates, Inc. v. Great American Ins. Co.,* 408 S.W.2d at 924; *Granite State Ins. Co. v. Firebaugh,* 558 S.W.2d at 551, 552. The judgment in this case does just that—it compromises the carrier's right to subrogation. By structuring the award so as to deny a "recovery" by the minor child and awarding the entire recovery to the mother burdened by an agreement to set aside $25,000.00 for the child, the trial court has effectively given the child a double recovery and denied the carrier reimbursement rights.

■ Plaintiffs urge that there is no recovery by the child since there is nothing about the "voluntary agreement" to set aside $25,000.00 that the child can judicially enforce. We disagree. Monika McDonald, individually, as representative of the estate of the deceased, and as next friend of the minor, and Dennis and Patty McDonald moved the trial court to approve a settlement and divide the proceeds. The trial court awarded Intervenor $1,533.00; the

parents of the deceased $10,000.00; the widow $128,467.00; and the minor child of the deceased nothing. However, the trial court ordered that the $25,000.00 in bonds be held under a safekeeping agreement with Rotan–Mosle until their maturity dates of 2005 through 2008 or until further order of the court. The trial court further ordered the carrier to continue death benefits for the minor child until his eighteenth birthday, "which is the date which the parties to the 'safekeeping agreement' will begin turning over the proceeds of the bonds...." Even though the minor child will not be entitled to these funds until the year 2005 and cannot maintain an enforcement proceeding until that time, the safekeeping agreement still constitutes a recovery under the act. *See City of Garland v. Huston,* 702 S.W.2d 697, 700 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). A recovery is the "restoration or vindication of a right existing in a person, by formal judgment or decree of a competent court...." *Id.* The child has "recovered" for purposes of the Act.

We recognize that the worker's compensation laws are to be construed liberally in order to effectuate the purposes for which the act was enacted and that they should be construed liberally in favor of the employee and beneficiaries. *Huffman v. Southern Underwriters,* 133 Tex. 354, 128 S.W.2d 4, 6 (1939). However, the attempted circumvention of subsection 6a(a) violates and defeats the purpose of that provision, i.e., permits the parties to retain the full recovery from the third party tortfeasor while continuing to receive payments from the association. *See Capitol Aggregates, Inc. v. Great American Ins. Co.,* 408 S.W.2d at 924; *Goodman v. Travelers Ins. Co.,* 703 S.W.2d 327, 329 (Tex. App.—Corpus Christi 1985, no writ); *Granite State Ins. Co. v. Firebaugh,* 558 S.W.2d at 552.

Plaintiffs urge that the trial court was duty bound to protect the child's best interests by awarding the child no part of the third party tortfeasor's settlement while continuing worker's compensation death benefits for the child. The issue of the child's best interest is inapplicable in this case in which the issue to be determined is not whether the child's best interests were protected but whether the terms of the judgment violate the worker's compensation act.

It is true that the minor child, through his representative, could elect to receive only worker's compensation death benefits and not seek a recovery from the third party tortfeasor. Art. 8307, § 6a(a). Such an election by a beneficiary, however, does not affect the association's right to bring a suit in the beneficiary's name to recoup the association's payments. *Id.* However, the instance involved here, in which the minor took no part of the settlement, compromised the minor's rights and thus the association's rights to recoup under a separate suit by the association against the third party tortfeasor. The minor cannot arrange the apportionment of the settlement in such a way as to destroy the association's right to receive reimbursement for its payments.

Plaintiffs rely on *Sunbelt Insurance Company v. Childress,* 640 S.W.2d 356 (Tex.App.—Tyler 1982, no writ), for authority that a death beneficiary may waive its rights to death benefits under the worker's compensation act and the waived benefits be distributed among the remaining beneficiaries. *Childress* involved an award of worker's compensation death benefits and no third party tortfeasor was involved. *Childress* is not applicable to our facts.

The minor child argues that "the carrier's subrogation interest [should] be compromised when the total amount paid under a judgment as [sic] much less than the *total loss* suffered by the Plaintiff beneficiary." Plaintiffs pleaded for actual damages of $2,000,000.00 and exemplary damages of $1,000,000.00. We find this argument to be without merit. First, the amount of damages pleaded is not necessarily the amount which will be proved at trial. Second, plaintiffs entered into a settlement agreement—settling the issue of the amount of damages.

For the reasons set out above, the judgment of the trial court is reversed and the

cause is remanded to the trial court to determine the proper credit to be given Intervenor based on the minor's recovery through the third party tortfeasor.