**EMPLOYERS CASUALTY COMPANY, et al., Appellants,**

v.

**Marvin HENAGER, et al., Appellees.**

**No. 05–91–01166–CV.**

Court of Appeals of Texas, Dallas.

March 30, 1993.

Rehearing Denied May 7, 1993.

Beverly Willis Bracken, David G. Tekell, Waco, for appellants.

Greg Winslett, Mark Donheiser, Dallas, for appellees G.A.F. Corp. and Arthur William Singleton.

Mickey J. Blanks, Temple, for appellants Marvin Honager and Walden Whitworth.

Before KINKEADE, CHAPMAN and WHITTINGTON,[1] JJ.

### OPINION ON MOTION
### FOR REHEARING

KINKEADE, Justice.

We withdraw our opinion and judgment of December 31, 1992. This is now the Court's opinion and judgment.

Employers Casualty Company (ECC), successor-in-interest to intervenor Texas Employers' Insurance Association (TEIA), appeals the trial court's judgment based upon a settlement agreement between Marvin Henager and Walden Whitworth, plaintiffs, and GAF Corporation and Arthur Singleton, defendants (collectively GAF). In twelve points of error, ECC argues that the trial court (1) erred in failing to award TEIA its full subrogation interest in the settlement proceeds and in refusing to declare the rights of TEIA in the excess settlement proceeds, (2) erred in granting Henager and Whitworth's motions to dismiss their claims with prejudice and awarding judgment to Whitworth, (3) erred in failing to find that Whitworth intended to give his share of the settlement money to

---

1. Justice Mark Whittington succeeds Justice Annette Stewart, a member of the original panel.

Justice Whittington has reviewed the briefs and the record in this case.

Henager, that Henager entered into a settlement agreement with GAF, and that TEIA paid workers' compensation benefits to Henager, and (4) abused its discretion in denying TEIA's motion for continuance. Because the trial court erred in failing to award TEIA its full subrogation rights for benefits paid to Henager and in failing to recognize the rights of TEIA in the excess settlement proceeds for medical coverage that TEIA might have to pay to Henager in the future, we reverse the trial court's judgment. We render judgment that TEIA be awarded its full subrogation interest in the settlement proceeds and remand the rest of the case for a declaration of rights in the excess settlement proceeds.

## FACTUAL AND PROCEDURAL HISTORY

On January 8, 1987, Henager and Whitworth were involved in a car wreck while on the job. Singleton, the driver of the other car, was on his job with GAF Corporation. TEIA paid workers' compensation benefits to both Henager and Whitworth. Whitworth received $2,883.69. Henager received $31,167.99 from TEIA. The parties' attorneys discussed that Henager would probably need medical treatment for the remainder of his life as a result of the accident, although there is no evidence regarding future medical care.

On December 28, 1988, Henager filed a third party action against GAF. They reached a tentative settlement agreement in which GAF offered Henager $70,000. The proposed settlement failed because Henager and TEIA could not agree on TEIA's offset rights in the money over $31,167.99 for future medical coverage. On December 14, 1990, Whitworth joined in the suit as a plaintiff. On January 22, 1991, TEIA filed its plea in intervention asserting its subrogation rights in any recovery made by Henager or Whitworth.

At some point after TEIA intervened in the lawsuit, Henager, Whitworth, and GAF met and reached a tentative settlement agreement to which TEIA was not a party. At a hearing on GAF's motion for court approval of this proposed settlement and alternative motion for continuance on March 18, 1991, Henager, Whitworth, and GAF, but not TEIA, informed the court of the following terms of their proposed settlement: (1) Henager and Whitworth would receive a total payment of $70,000 from GAF, (2) TEIA would receive subrogation rights to the amount it had already paid to Henager and Whitworth, and (3) the remainder of the money would go to Whitworth. At this hearing, the attorney for both Henager and Whitworth stated that Whitworth intended to give Henager most of the money that he would receive as a result of the settlement. TEIA opposed the settlement, arguing that Whitworth was merely a conduit to funnel a recovery to Henager which was a sham designed to deprive TEIA of its subrogation rights in the excess recovery. The court did not approve the settlement agreement. The court set the case for trial on March 25, 1991 and told GAF that its motion for continuance would be granted at that time if it had not "unraveled" itself from the case.

On the trial date, counsel for GAF announced that a settlement had been reached between Henager, Whitworth, and GAF, but not TEIA. Pursuant to that settlement, GAF would pay $70,000 into the court's registry, and Henager and Whitworth would dismiss their claims against GAF with prejudice. At trial, it would be the responsibility of the court to apportion the money among the claimants. TEIA objected to this settlement. The court overruled TEIA's objection and agreed to this settlement and noted on the record that it granted Henager and Whitworth's motions to dismiss their claims with prejudice. GAF withdrew its motion for continuance, and TEIA orally moved for continuance. The trial court overruled TEIA's oral motion for continuance and called the case to trial. Recognizing that he was technically still a party to the suit with an interest in the settlement proceeds, Henager filed a notice of nonsuit with prejudice just prior to the beginning of trial and disclaimed any interest in the settlement proceeds, leaving only Whitworth and

TEIA as parties with an interest in the proceeds.

At trial, the court heard testimony from TEIA regarding the amount of benefits TEIA paid to Henager and Whitworth. The court also took notice of the evidence at the March 18, 1991 hearing, including the parties' discussion of the necessity of future medical care for Henager. The trial court denied TEIA's subrogation rights to Henager's benefits in the amount of $31,167.99 and further denied TEIA any rights in the excess recovery for future medical coverage for Henager because Henager was no longer a party to the suit and disclaimed interest in the settlement proceeds. The court entered judgment dismissing the claims of Henager and Whitworth with prejudice and awarding TEIA only $2,883.69, representing the amount of benefits paid to Whitworth. The court awarded the excess of the $70,000 to Whitworth. TEIA requested findings of fact and conclusions of law which were made by the trial court.

After trial, ECC became the successor-in-interest to TEIA. ECC perfected this appeal complaining of the trial court's judgment with respect to TEIA. For purposes of this appeal, we will refer to ECC and TEIA as TEIA.

### PAST BENEFITS

In its first point of error, TEIA contends that the trial court erred in failing to enter judgment awarding its full subrogation interest in the settlement reached between Henager, Whitworth, and GAF. The trial court made several findings of fact and conclusions of law, including: (1) the $70,000 was tendered into the registry of the court in settlement of both Henager and Whitworth's claims, and (2) TEIA paid $31,167.99 in workers' compensation benefits to Henager. TEIA argues, based upon these two findings, that the court should have also awarded it $31,167.99 out of the settlement proceeds.

■ Unless the trial court's findings are challenged by a point of error on appeal, they are binding on this Court. *NCNB Tex. Nat'l Bank v. Anderson*, 812

S.W.2d 441, 443 (Tex.App.—San Antonio 1991, no writ). Unchallenged findings of fact occupy the same position and are entitled to the same weight as the verdict of a jury. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986). The parties have not challenged the findings of fact that TEIA relies upon in its first point of error. Such findings are, therefore, binding on this Court. We must now determine if the trial court's judgment is consistent with those findings.

■ Article 8307, section 6a of the Texas Revised Civil Statutes, which was in effect at the time this lawsuit was filed, provides:

(a) ... If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or his legal beneficiaries the liability of said other person....

(c) If at the conclusion of a third-party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third-party action shall be applied to reimburse the association for past benefits and medical expenses paid....

Act of May 15, 1973, 63rd Leg., R.S., ch. 88, 1973 Tex.Gen.Laws 193, *amended by* Act of June 8, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen.Laws 1387, *repealed by* Act of December 13, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex.Gen.Laws 1, *previously codified at* Tex.Rev.Civ.Stat. Ann. art. 8307, § 6a, *now* Tex.Rev.Civ.Stat. Ann. art. 8308–4.05 (Vernon Supp.1993) (hereinafter article 8307, section 6a).

Under article 8307, section 6a, a compensation carrier is entitled to the first money recovered by an employee by reason of the asserted liability of a third person for his injuries. The employee has no right to any such funds until the carrier is paid in full. *Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 923 (Tex.1966). Article 8307, section 6a reduces the burden of insurance to the employer and to the public

by preventing an employee from retaining proceeds from a settlement in addition to his compensation benefits while the carrier is only partially reimbursed for what it has paid. *Id.* at 924.

GAF paid $70,000 to settle *both* Henager and Whitworth's claims. Article 8307, section 6a requires that TEIA recover the benefits it paid to both Henager and Whitworth from the settlement before any of these proceeds are distributed to Henager and Whitworth. Henager attempted to circumvent TEIA's right to reimbursement for his benefits by filing a notice of nonsuit under rule 162 and disclaiming his interest in the settlement proceeds after the court approved the settlement. *See* Tex.R.Civ.P. 162. The result of this settlement and Henager's subsequent nonsuit deprives TEIA of its subrogation rights to benefits paid to Henager. The object of these actions is revealed by the attorney's admission that Whitworth intended to give Henager some of the settlement money.

In *American General Fire & Casualty Co. v. McDonald,* 796 S.W.2d 201 (Tex. App.—San Antonio 1990, writ denied), a case factually similar to this case, a third party settlement was reached in which a minor child of a deceased worker, who received workers' compensation benefits, made no immediate recovery. The settlement, however, provided that the sum of $25,000 would be paid to the child's mother for safekeeping until the child reached the age of eighteen. *Id.* at 202. The trial court denied the insurance carrier recovery of past benefits paid to the minor child from the settlement proceeds. The trial court reasoned that, since there was no recovery by the minor child, the carrier was to take nothing on its claim in subrogation of the minor child. *Id.* at 202–03. The court of appeals reversed the trial court judgment holding that the minor cannot arrange the apportionment of the settlement in such a way as to destroy the carrier's right to receive reimbursement for its payments. The court of appeals stated that the trial court's judgment compromised the carrier's right to subrogation and effectively allowed the child a double recovery. *Id.* at 204–05.

■ The settlement proceeds were paid by GAF to compensate both Whitworth and Henager to settle each of their claims. To deny TEIA its right to reimbursement for Henager's benefits out of these proceeds because Henager subsequently disclaimed interest in the proceeds prevents TEIA from being able to assert its subrogation rights under article 8307, section 6a. *See McDonald,* 796 S.W.2d at 205. A carrier's subrogation rights under article 8307, section 6a are so strong that public policy dictates that compromising such rights will support an action for conversion against the injured employee and his attorney. *Prewitt & Sampson v. City of Dallas,* 713 S.W.2d 720, 722–23 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). We decline to compromise TEIA's subrogation rights to Henager's benefits out of the settlement proceeds that were paid to settle Henager's third party claim.

Based upon its findings, the trial court erred in failing to award TEIA the benefits it paid to Henager out of the settlement proceeds. We, therefore, sustain TEIA's first point of error.

### FUTURE BENEFITS

■ In its second point of error, TEIA argues that the trial court erred in refusing to declare its rights in the excess settlement proceeds. As a result of the accident, Henager may require medical care for the remainder of his life. TEIA contends that the trial court should have allowed it time to put on evidence of Henager's future medical expenses and recognized its rights in the excess settlement proceeds with respect to any benefits for which it might have to pay to Henager in the future.

Article 8307, section 6a provides:

(c) ... any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further pay-

ments shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

Act of May 15, 1973, 63rd Leg., R.S., ch. 88, 1973 Tex.Gen.Laws 193 (amended 1985) (repealed 1989). When future benefits are contemplated, as in the case of Henager, article 8307, section 6a requires the court to award any excess in the settlement proceeds to the employee. The court should then declare that the carrier is entitled to receive credit for future benefits up to the amount of the excess recovery and is to resume payment of future benefits only when the excess is exhausted. Act of May 15, 1973, 63rd Leg., R.S., ch. 88, 1973 Tex. Gen.Laws 193 (amended 1985) (repealed 1989).

### Nonsuit

Henager was not a party to the suit at the time of trial due to the filing of his notice of nonsuit under rule 162. *See* TEX. R.CIV.P. 162. Rule 162 sets out a method whereby a plaintiff can dismiss his claims merely by filing a notice of nonsuit. TEX. R.CIV.P. 162. This notice is effective upon filing without any further action by the court. TEX.R.CIV.P. 162. While a simple notice of nonsuit is enough to dismiss a plaintiff's claims, the notice is not effective when the dismissal prejudices the right of an adverse party to be heard on a pending claim for relief. TEX.R.CIV.P. 162.

 TEIA filed a plea in intervention requesting that the court declare its rights of offset in any excess recovery by Henager and Whitworth for future benefit payments. Henager's notice of nonsuit pursuant to rule 162 was not effective because his dismissal prejudiced the rights of TEIA for declaratory relief with respect to the excess settlement proceeds. The trial court was required, pursuant to article 8307, section 6a, to determine the rights of Henager, Whitworth, and TEIA in the settlement proceeds left over after TEIA was awarded its subrogation rights to the bene-

fits paid to Henager and Whitworth out of such proceeds. Act of May 15, 1973, 63rd Leg., R.S., ch. 88, 1973 Tex.Gen.Laws 193 (amended 1985) (repealed 1989). If the trial court denies TEIA any rights in the excess recovery, then Henager should be denied the right to receive any future medical benefits from TEIA to be consistent with the purpose and scheme of article 8307, section 6a. *See* Act of May 15, 1973, 63rd Leg., R.S., ch. 88, 1973 Tex.Gen.Laws 193 (amended 1985) (repealed 1989); *Capitol Aggregates, Inc.*, 408 S.W.2d at 923–24.

We, therefore, sustain TEIA's second point of error. Because of our disposition of TEIA's first two points of error, we need not reach the remaining points of error.

### CONCLUSION

We reverse the trial court's judgment. We render judgment that, from the $70,000 in settlement proceeds on deposit in the registry of the court, TEIA recover the sum of $34,051.68, representing $2,883.69 in benefits TEIA paid to Whitworth and $31,167.99 in benefits TEIA paid to Henager. We remand the rest of this case to the trial court to determine the rights of Henager, Whitworth, and TEIA in the $35,-948.32 in settlement proceeds remaining after the $34,051.68 award to TEIA.

We recognize that the $70,000 in settlement proceeds may no longer be in the registry of the trial court and may have been paid out pursuant to the trial court's judgment because the trial court's judgment was not suspended pending appeal. If the funds are no longer in the registry of the trial court and have been paid out pursuant to the trial court's judgment, TEIA has an adequate remedy at law in the trial court to recover the funds awarded to it by this Court. *Baca v. Hoover, Bax, & Shearer*, 823 S.W.2d 734, 738–39 (Tex.App.—Houston [14th Dist.] 1992, writ denied).