**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

**v.**

**Oscar Santiago HERNANDEZ, et al., Appellees.**

**No. 13–95–035–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 15, 1996.

Rehearing Overruled March 21, 1996.

---

Phil Harris, Weslaco, TX, Attorney Ad Litem.

J. Arnold Aguilar, Willette & Aguilar, Brownsville, TX, Miguel Salinas, Willette & James, Brownsville, TX, for appellant.

Michael Zanca, Roerig, Oliveira & Fisher, Edinburg, TX, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

FEDERICO G. HINOJOSA, Jr., Justice.

United States Fire Insurance Company (U.S. Fire) appeals from a judgment denying reimbursement of workers' compensation benefits that it paid to the plaintiffs[1] out of interpleaded funds deposited by the defendant, Richard Aguinaga, in connection with the underlying personal injury lawsuit. We reverse and render in part, and affirm in part.

In 1993, Joel Avendaño and Oscar Santiago Hernandez, while in the course and scope of their employment with Toby's Plumbing and Drain Cleaning (Toby), were involved in an automobile collision with Aguinaga, killing Avendaño and severely injuring Hernandez. U.S. Fire, Toby's workers' compensation carrier, paid substantial benefits to Hernandez and the Avendaño family.

The Hernandez and Avendaño families filed the present lawsuit against Richard Aguinaga for the injuries sustained by Oscar Santiago Hernandez and his family and the wrongful death and survival causes of action by the Avendaño family for the death of Joel Avendaño. Oscar Santiago Hernandez asked for his medical expenses, and the Estate of Joel Avendaño asked for funeral expenses and pain and suffering, while the wives and children of both men asked generally for damages in the nature of loss of consortium and loss of support.

---

1. Oscar Santiago Hernandez and Margarita Hernandez and their two children, and Veronica Avendaño, individually and on behalf of the Estate of Joel Avendaño, and her two children.

U.S. Fire intervened, claiming to be subrogated to the rights of the plaintiffs to the extent that it had paid them benefits and for reimbursement of those payments. Specifically, U.S. Fire alleged that it had paid to Oscar Santiago Hernandez medical benefits of $189,722.78, and indemnity benefits of $11,568.05, and that it had paid Joel Avendaño indemnity benefits of $22,471.00. Accordingly, U.S. Fire asked for judgment against Aguinaga for $223,761.83.

Aguinaga then interpleaded the amount of his insurance coverage ($20,000 for Hernandez and $20,000 for Avendaño) into the registry of the trial court and asked that he be released and discharged from any further liability. At a hearing on the division and apportionment of these interpleaded funds, attorneys appeared representing Aguinaga and U.S. Fire, and an appointed guardian *ad litem* appeared for the Hernandez and Avendaño children. Mrs. Hernandez and Mrs. Avendaño appeared *pro se*. The attorneys generally informed the trial court 1) that the Hernandez family had agreed to accept the $20,000 in settlement of their claims against Aguinaga and 2) that the Avendaño family had agreed to accept the $20,000 in settlement of their claims against Aguinaga. The guardian *ad litem* for the children then proposed apportioning the interpleaded funds in the following manner:

| | |
|---|---|
| Oscar Santiago Hernandez | $2,500.00 |
| Margarita Hernandez (Oscar's wife) | $2,500.00 |
| Adrian Hernandez (Oscar's child) | $7,500.00 |
| Andres Hernandez (Oscar's child) | $7,500.00 |
| | |
| Estate of Joel Avendaño | $2,500.00 |
| Veronica Avendaño (Joel's wife) | $2,500.00 |
| Tamica Avendaño (Joel's child) | $7,500.00 |
| Joel Avendaño (Joel's child) | $7,500.00 |

The guardian *ad litem* recommended no reimbursement to U.S. Fire. The attorney for U.S. Fire claimed a legal right to the entire amount of the settlement proceeds as reimbursement, but informed the trial court that U.S. Fire would accept an award of two-thirds of the $20,000 set aside for the Hernandez claims and one-half of the $20,000 set aside for the Avendaño claims.

Margarita Hernandez and Veronica Avendaño were both called as witnesses. Both confirmed their consent to the settlement agreement and their understanding of its binding effect. In addition, Mrs. Avendaño testified that U.S. Fire had paid the Avendaño family indemnity benefits of $22,471, and Mrs. Hernandez testified that U.S. Fire had paid her husband, Oscar Santiago Hernandez, medical expenses of $189,722 and indemnity benefits of $11,568. Neither witness testified about the nature of the injuries sustained or the damages claimed in their petition, and no other testimony or evidence was offered at the hearing. At the conclusion of the hearing, the trial court rendered judgment in accordance with the apportionment suggested by the guardian *ad litem* and later signed a written judgment in accordance with its rendition, allocating nothing to U.S. Fire.

■ By its first and second points of error, U.S. Fire complains that the trial court erred in denying its statutory rights of subrogation and reimbursement with regard to the amounts awarded to the Hernandez and Avendaño families.

■ The workers' compensation carrier has a statutory right to reimbursement from the first monies paid to an injured employee or his representatives by a third-party tortfeasor, up to the amount of compensation paid, and can recover the amount from the employee or the third-party tortfeasor. TEX. LABOR CODE ANN. §§ 417.001, 417.002 (Vernon 1996)[2]; *Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 795 (Tex.1974); *Performance Ins. Co. v. Frans,* 902 S.W.2d 582, 584 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Insurance Co. of N. Am. v. Wright,* 886 S.W.2d 337, 341 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *American Gen. Fire & Casualty Co. v. McDonald,* 796 S.W.2d 201, 204 (Tex.App.—San Antonio 1990, writ denied). Neither the employee nor his representatives have any right to any funds received from a third-party tortfeasor until the carrier receives payment in full. *Capitol Aggregates, Inc. v. Great Am. Ins. Co.,* 408 S.W.2d 922, 923 (Tex.1966); *Frans,* 902 S.W.2d at 584; *Wright,* 886 S.W.2d at 341. The carrier's right to reduce its liability from a payment of a third-party must not be compromised. *See Capitol Aggregates,* 408 S.W.2d at 924; *Mc-*

---

**2.** Formerly, TEX.REV.CIV.STAT.ANN. art. 8307 § 6a (repealed).

*Donald,* 796 S.W.2d at 204; *Granite State Ins. Co. v. Firebaugh,* 558 S.W.2d 550, 551–52 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). However, the carrier has subrogation rights only over that portion of an award or settlement which represents the interest of a workers' compensation beneficiary. *See Wright,* 886 S.W.2d at 341; *Bridges v. Texas A & M Univ. Sys.,* 790 S.W.2d 831, 834 (Tex.App.—Houston [14th Dist.] 1990, no writ). Accordingly, subrogation and reimbursement of the carrier when there are multiple plaintiffs, some beneficiaries and others not, may pose a difficult question of apportionment.

■ A trial court may not enter a judgment which arbitrarily compromises the carrier's right to subrogation by structuring the award so that a non-beneficiary recovers, but a beneficiary does not. *See McDonald,* 796 S.W.2d at 204. Nor may a group of plaintiffs, which includes both workers' compensation beneficiaries and non-beneficiaries, agree to divide among themselves a lump sum settlement in a manner that prejudices the workers' compensation carrier's subrogation rights. *Wright,* 886 S.W.2d at 340. Such an agreement is not binding upon the carrier for purposes of recovery of its subrogation interest, regardless of the settling parties' intent, if the effect of the apportionment is to circumvent the statute and to compromise the carrier's right to subrogation. *Id.* at 341–42; *McDonald,* 796 S.W.2d at 204. Rather, for purposes of determining the carrier's reimbursement interest, the proper division of a settlement between beneficiaries and non-beneficiaries presents an issue for the trier of fact based on the relative merits and worth of the claims involved. *See Bridges,* 790 S.W.2d at 834. Accordingly, U.S. Fire is not subrogated to the claims of the appellees it did not pay and has no right to reimburse itself from their recovery. *Wright,* 886 S.W.2d at 341; *Bridges,* 790 S.W.2d at 834.

Unlike *Wright* and *McDonald,* the present case did not involve a settlement between parties that was not joined in by the carrier. This case involved a hearing at which all parties, including U.S. Fire, submitted the matter of apportionment to the trial court,

and all parties were given the opportunity to present evidence to support their requested apportionments.

Mrs. Hernandez testified that of all the Hernandez plaintiffs, only Oscar Santiago Hernandez received medical and indemnity benefits from U.S. Fire. Mrs. Avendaño, however, although she testified that the Avendaño family received indemnity benefits from U.S. Fire, did not say for whose benefit those payments were made, *i.e.,* whether such payments were made to her as an individual beneficiary, on behalf of her minor children, or as representative of her late husband's estate. *See* TEX. LABOR CODE ANN. § 408.182 (Vernon 1996). U.S. Fire presented no other evidence from which the trial court could have determined the actual beneficiaries of U.S. Fire's payments to the Avendaño family. Thus, U.S. Fire established that Oscar Santiago Hernandez was a workers' compensation beneficiary, but it failed to establish that any of the remaining plaintiffs were beneficiaries.

In addition, U.S. Fire failed to provide the trial court with any rational means to distinguish or weigh the claims over which it was entitled to subrogation and indemnity against those over which it had no such rights. The record contains no evidence of the relative merits and worth of the claims involved. Because non-beneficiaries and beneficiaries were competing for the limited funds available and the trial court was faced with this dearth of evidence to guide it in making a fair apportionment of the interpleaded funds, we cannot say that the trial court erred in apportioning the interpleaded funds as it did.

■ We can only find error with the trial court's failure to pass on to U.S. Fire the amount that the court awarded to Oscar Santiago Hernandez. The evidence is uncontroverted that U.S. Fire paid medical expenses and indemnity benefits to Oscar Santiago Hernandez in excess of $2,500. To that extent, we sustain U.S. Fire's first and second points of error.

■ By its third and final point of error, U.S. Fire complains that the trial court erred in signing a final judgment on a settlement scheme and apportionment that U.S. Fire

never approved. However, as we stated in the above-discussed points of error, the present judgment was an agreed judgment only with regard to the extent of Aguinaga's liability at $40,000.[3] The apportionment scheme suggested by the children's guardian *ad litem* was contested below and U.S. Fire had the opportunity, but failed, to present any evidence to the trial court on which it might have rendered a different apportionment. Accordingly, U.S. Fire's third point of error is overruled.

The judgment of the trial court is REVERSED in part and judgment here RENDERED that U.S. Fire recover the $2,500 which was apportioned to Oscar Santiago Hernandez. The remainder of the judgment is AFFIRMED.

---

3. In its Motion for New Trial, U.S. Fire complained of the apportionment, but only requested judgment for the interpleaded $40,000. U.S. Fire has not asked this Court for more than a reapportionment of these funds.