No. 04-98-00207-CV



Ramiro ESTRADA,


Appellant



v.



WAUSAU INSURANCE COMPANY,


Appellee



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-08055


Honorable Raul Rivera, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Catherine Stone, Justice


Delivered and Filed: October 28, 1998


AFFIRMED


 Appellant, Ramiro Estrada ("Estrada"), appeals a judgment awarding appellee, Wausau
Insurance Company ("Wausau"), damages for conversion. In three points of error, Estrada contends
the trial court erred by: (1) overruling his motion for continuance; and (2) awarding damages to
Wausau in excess of its subrogation rights. We overrule Estrada's points of error and affirm the trial
court's judgment.


Factual Background


 Estrada was retained to represent Joseph Garcia ("Garcia") in a claim against a third-party
tortfeasor for personal injuries. The third-party tortfeasor was insured by Allstate Insurance. On
February 28, 1996, Wausau sent a letter to Estrada, acknowledging that Estrada was retained to
represent Garcia in his "third party subrogation claim against Allstate Insurance." Wausau enclosed
the medical bills it had paid to date. Estrada disputed receiving the letter. Nevertheless, Allstate's
loss report diary documents a conversation between the Allstate adjuster and Estrada on November
16, 1995, in which Estrada informed the adjuster that Garcia had a workers compensation claim.

 On November 11, 1996, Allstate sent a check payable to Garcia and Estrada in settlement
of the claim against the third-party tortfeasor. Estrada received forty percent of the settlement, or
$8,000, and Garcia retained the balance of $12,000. After Wausau discovered that a settlement had
been made in contravention of its subrogation rights, Allstate paid Wausau $20,000, and Wausau
released Allstate; however, Wausau did not release its claim for reimbursement. Wausau then
brought the underlying action against Garcia and Estrada, claiming its statutory right to
reimbursement, conversion, breach of fiduciary duty, fraud, breach of contract, money had and
received, unjust enrichment and conspiracy. It was undisputed that Wausau had paid at least
$40,000 in medical bills on Garcia's behalf.

 After Estrada's motion for continuance was denied, the case was tried on stipulated facts.(1)
 The trial court awarded Wausau a judgment against Garcia and Estrada, jointly and severally, in the
amount of $17,000. The trial court calculated the award by subtracting from the $20,000 converted
settlement amount, a reasonable attorney's fee of $3,000 to be retained by Estrada for obtaining the
Allstate settlement. Estrada timely filed this appeal.

Continuance


 In his first point of error, Estrada asserts that the trial court abused its discretion in denying
his motion for continuance. Estrada contends that Wausau failed to comply with the notice
requirements of rule 245 of the Texas Rules of Civil Procedure.

 Wausau initially responds that Estrada's complaint is not properly before this court because
his motion for continuance does not appear in our clerk's record. Estrada subsequently requested
a supplemental clerk's record to be filed which contains his motion for continuance.

 Wausau also counters that Estrada has waived this complaint by failing to cite authority for
his proposition. Although Estrada's argument with respect to this point of error is sparse, he does
cite the appropriate rule; therefore, we will address the issue.

 We review the denial of a motion for continuance under an abuse of discretion standard.
General Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997); Klager v. Worthing, 966 S.W.2d
77, 80 (Tex. App.--San Antonio 1996, no writ). Absent a showing that the trial court's decision was
arbitrary or unreasonable, the decision will not be disturbed on appeal. Klager, 966 S.W.2d at 80.

 Rule 245 of the Texas Rules of Civil Procedure permits the trial court to set contested cases
on written request of any party, or on the court's own motion, with reasonable notice of not less than
forty-five days to the parties of a first setting. Tex. R. Civ. P. 245. Failure to give the required
notice constitutes lack of due process and is grounds for reversal. Trevino v. Gonzalez, 749 S.W.2d
221, 223 (Tex. App.--San Antonio 1988, writ denied); see also Delgado v. Hernandez, 951 S.W.2d
97, 99 (Tex. App.--Corpus Christi 1997, no writ); Hanners v. State Bar of Texas, 860 S.W.2d 903,
907 (Tex. App.--Dallas 1993, writ dism'd).

 Because notice of a trial setting ordinarily does not affirmatively appear in the record, the
trial court is presumed to have heard the case only after proper notice, and to overcome this
presumption the record must affirmatively show lack of notice by affidavit of other competent
evidence. Delgado, 951 S.W.2d at 99; Hanners, 860 S.W.2d at 908; Trevino, 749 S.W.2d at 223.
Estrada's motion for continuance and motion for new trial contain mere allegations that reasonable
notice was not provided. Such allegations do not satisfy Estrada's burden of overcoming the
presumption of proper notice.(2) Trevino, 749 S.W.2d at 223.

 Estrada's first point of error is overruled.

Subrogation Rights and Damages 


 In Estrada's second and third points of error, Estrada contends the trial court erred in
awarding Wausau damages because Wausau already recovered $20,000 from Allstate in full
satisfaction of its subrogation lien.(3) Estrada contends that since his liability to Wausau cannot
exceed the amount previously paid by Allstate in settlement of the third-party claim, Wausau's
recovery was limited to $20,000, which it received from Allstate. Wausau counters that its recovery
from Allstate does not affect its right to recover the funds paid to Garcia and Estrada.

 If an injured employee claims a benefit from a workers' compensation insurance carrier, the
carrier is statutorily subrogated to the rights of the injured employee and may enforce the liability
of the third party in the name of the injured employee or the legal beneficiary. Tex. Labor Code
Ann. § 417.001(b) (Vernon 1996). The net amount recovered by the injured party in a third-party
action must be used to reimburse the carrier for benefits that it has previously paid. Tex. Labor
Code Ann. § 417.002(a) (Vernon 1996). The injured employee is only entitled to receive additional
payment if the recovery in the third-party action exceeds the benefits and costs paid by the carrier.
 Tex. Labor Code Ann. § 417.002(a) (Vernon 1996).

 The cases interpreting this statutory subrogation right clarify that when an injured employee
has filed a claim for workers' compensation benefits and proceeds in a suit against the third-party,
the first money paid or recovered by the employee belongs to the compensation carrier until the
carrier is paid in full. See Watson v. Glens Falls Ins. Co., 505 S.W.2d 793, 795 (Tex. 1974)
(carrier entitled to recoupment first to extent of all compensation paid); Capitol Aggregates, Inc. v.
Great Am. Ins. Co., 408 S.W.2d 922, 923 (Tex. 1966) (carrier entitled to first money until paid in
full); Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865, 869 (1952) (first money
belongs to carrier until paid in full); U.S. Fire Ins. Co. v. Hernandez, 918 S.W.2d 576, 578 (Tex.
App.--Corpus Christi 1996, writ denied) (carrier right to receive payment in full); Texas Workers'
Compensation Ins. Fund v. Travis, 912 S.W.2d 895, 897-98 (Tex. App.--Fort Worth 1995, no writ)
(carrier entitled to one hundred percent of compensation paid as result of recovery from third party).
The cases emphasize that until the carrier has received payment in full, the employee has no right
to any funds recovered from the third party. Capitol Aggregates, Inc, 408 S.W.2d at 923 (employee
no right to funds until carrier paid in full); Fort Worth Lloyds, 246 S.W.2d at 869 (employee no right
to funds until carrier paid in full); U.S. Fire Ins. Co., 918 S.W.2d at 578 (employee no right to funds
received from third party until carrier paid in full); Texas Workers' Compensation Ins. Fund v.
Travis, 912 S.W.2d at 897-98 (claimant no right to funds received until carrier receives payment in
full). This interpretation is consistent with the purpose of the statutory subrogation provision which
is to reduce the burden of insurance to the employer and to the public. Capitol Aggregates, Inc., 408
S.W.2d at 924; American General Fire & Cas. Co. v. McDonald, 796 S.W.2d 201, 204 (Tex.
App.--San Antonio 1990, writ denied). This purpose is not accomplished where an employee is
allowed to retain the proceeds of a settlement in addition to his compensation benefits while the
carrier is only partially reimbursed for the benefits it has paid. Capitol Aggregates, Inc., 408 S.W.2d
at 924.

 Any person who accepts and benefits from the proceeds of a third-party claim, while having
notice of a workers' compensation lien, is subject to a cause of action for conversion. Home Indem.
Co. v. Pate, 814 S.W.2d 497, 498-99 (Tex. App.--Houston [1st Dist.] 1991, writ denied); Prewitt
& Sampson v. City of Dallas, 713 S.W.2d 720, 722 (Tex. App.--Dallas 1986, writ ref'd n.r.e.).
Where an injured worker and a third-party tortfeasor settle without regard to a carrier's recoupment
rights, the worker and the third-party are jointly and severally liable to the carrier for the wrongfully
appropriated funds. Capitol Aggregates, Inc., 408 S.W.2d at 923-24; Fort Worth Lloyds, 246
S.W.2d at 870-71; Traders & General Ins. Co v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d
713, 716 (1942). If the injured employee's attorney accepts settlement funds in contravention of the
carrier's rights, the attorney is also liable to the carrier. Prewitt & Sampson, 713 S.W.2d at 723.

 Estrada relies heavily on the holding of the Dallas court of appeals in New York Underwriters
Ins. Co. v. State Farm Mut. Auto Ins. Co., 856 S.W.2d 194 (Tex. App.--Dallas 1993, no writ). In
that case, the third-party tortfeasor's insurance carrier, State Farm, and the injured employees settled,
and State Farm paid the injured employees. Id. at 198. The workers' compensation insurance
carrier, Hartford, then sued State Farm and the injured employees, contending that their actions made
them jointly and severally liable for the full amount of the benefits paid to the injured employees by
Hartford. Id. State Farm acknowledged its liability up to the settlement amounts it paid to the
injured employees but denied liability over that amount. Id. The trial court granted summary
judgment holding that State Farm was only liable for the amount paid in settlement. Id.

 The Dallas court initially recognized the general legal principles with regard to Hartford's
statutory subrogation rights, including the injured employees' inability to recover any funds until
Hartford was paid in full. Id. at 199-200. The Dallas court distinguished the holding in Capitol
Aggregates, Inc., noting that the workers' compensation carrier in that case pursued the injured
worker's claim against the third party tortfeasor, thereby entitling it to the damages awarded by the
jury and the settlement proceeds paid to the injured employee, which did not exceed the amount of
benefits previously paid by the carrier. Id. at 202. The Dallas court then held that in this case, where
the workers' compensation carrier did not pursue the injured worker's claim, the carrier was only
entitled to recover the settlement funds from the third party and the worker, jointly and severally.
Id. The Dallas court overruled Hartford's contentions that the trial court erred in allowing the
injured employees to keep the settlement funds and that Hartford should have been entitled to
recover the settlement amount from both State Farm and the injured employees. Id. Estrada relies
on this holding to assert that since Wausau received payment of the full amount of the settlement
from Allstate, its joint and several liability for that amount has been satisfied.

 The Dallas court's holding advances policies that are contrary to the legislative purpose in
adopting a statutory subrogation right in favor of the carrier. The holding also impedes the retention
of an attorney by an injured employee to pursue a third-party claim, since it might compel the carrier
to file the claim against the third party in every instance to preserve its full subrogation rights. We
believe the better policy to be applied to the facts in this case is stated in Capitol Aggregates, Inc.:

 [T]he party entitled to the money is attempting to recover from one who wrongfully
received the same, and the latter will not be subjected to double liability. [The
statutory subrogation provision] was adopted to prevent overcompensation to the
employee and to reduce the burden of insurance to the employer and to the public.
These purposes will not be accomplished if the employee is allowed to retain the
proceeds of the settlement in addition to his compensation benefits while the carrier
is only partially reimbursed for what it has paid.


408 S.W.2d at 924, and in Fort Worth Lloyds:

 It is to be remembered that in an appropriate case on an injury being received
by an employee covered by the Compensation Act, he is given the option of (1)
proceeding against the third party tort-feasor free and untrammeled by any right of
subrogation on the part of anyone and with full and free direction and control of his
cause or (2) he may receive compensation from his employer's compensation carrier.
By choosing this second remedy, the employee, or his representatives, bring into play
the law which subrogates the compensation carrier to the employee's rights against
the third party tort-feasor. It is a choice which the employee must make, and no other
person, except he can cause the subrogation to come into being, and affect his rights
against the third party tort-feasor. He is under no compulsion as to which option he
chooses, but he makes his choice voluntarily and freely and with full knowledge of
the legal effect of his choice.

 Having elected to recover compensation -- which he may do merely by
showing that he was accidently injured in the course of his employment -- and
having no burden to show negligence or to be subject to any other common law
defenses, there is nothing unjust in giving the carrier who pays the compensation the
right to recoupment under the statute. The first money paid rightfully should go to
reimburse the carrier who has paid, or assumed to pay, this compensation to the
employee. As to any excess above the amount necessary to make the carrier whole,
the statute requires the same to be paid the injured employee, or his representatives,
thus insuring for him the full and total amount of his damages suffered by the injury.


246 S.W.2d 870-71.

 If Wausau had been required to sue Allstate, Estrada and Garcia in a single action, we would
agree that it would only be entitled to recover $20,000 against the three defendants, jointly and
severally. However, given the posture of this case, we hold that Estrada and Garcia are not entitled
to benefit from a wrongfully paid settlement, while leaving the carrier, who already paid Garcia's
medical bills, partially reimbursed. The money paid to Estrada and Garcia was the first money paid
or recovered and that money belonged to Wausau.

 Estrada asserted at oral argument that this holding will encourage carriers to sit back and
doubly benefit when a claim is handled by an injured employee's attorney. Contrary to this
assertion, we believe our holding will encourage the proper handling of third-party claims by
discouraging injured employees and their attorneys from converting settlement funds in
contravention of the full subrogation rights provided workers' compensation carriers by statute.

 Estrada's second and third points of error are overruled.

Conclusion


 The trial court did not abuse its discretion in overruling Estrada's motion for continuance,
and the trial court did not err in awarding Wausau damages for conversion. The judgment of the trial
court is affirmed.

 PHIL HARDBERGER,

 CHIEF JUSTICE


PUBLISH



1. In his brief, Estrada disputes Wausau's contention that the parties stipulated that Estrada and Allstate had
notice of Wausau's rights at the time of the settlement; however, the loss report diary documents that both parties were
on notice.
2. Although our record contains a reporter's record from a hearing held by the Honorable Janet P. Littlejohn on
Estrada's announcement of not ready, no reporter's record was filed from the hearing on the motion for continuance
held by the Honorable Solomon Casseb, who originally denied the motion.
3. Wausau asserts that Estrada has waived his third point of error. Although Estrada fails to cite any authority
to support the argument in his third point of error, the argument is basically an extension of the argument made in
Estrada's second point of error. For this reason, we will consider the arguments together.


Return to
4th Court of Appeals Opinions