**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2011

Lyle W. Cayce
Clerk

No.  10-41152

JAMES EDWIN HODGES;
BEVERLY HODGES,

Plaintiffs - Appellees

v.

INDIANA MILLS &
MANUFACTURING INC.; ET AL,

Defendants

ABF FREIGHT SYSTEM INC,

Intervenor - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:03-CV-183

Before JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

## I.  Background

James Hodges was driving a truck for his employer, ABF Freight System, Inc. ("ABF"), when he was hit by another vehicle and rendered paraplegic.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  10-41152

Following the accident, ABF paid James workers' compensation benefits. James and his wife Beverly Hodges sued various third parties, including the company that employed the  driver responsible for the accident, Indiana Mills & Manufacturing ("Indiana Mills"), and Mack Trucks, Inc. ("Mack").  ABF intervened to protect its subrogation rights for the workers' compensation benefits it had paid (and continues to pay) to James.

The Hodgeses settled with the other driver for $50,000.  James's suit against Indiana Mills and Mack alleged design defects in his truck's seatbelt and door latch; Beverly's suits alleged loss of consortium and loss of household services. James and Beverly settled with Indiana Mills for $700,000 each.  Their claims against Mack went to trial, and a jury awarded James $7,910,553 in damages and Beverly $0 in damages.  This court reversed that jury verdict and remanded for a new trial. *See Hodges v. Mack Trucks* ("*Hodges I*"), 474 F.3d 188 (5th Cir. 2006).  Before reaching a second trial, Mack settled with the Hodgeses, paying $3,075,000 to James, $800,000 to Beverly, and $475,000 to ABF for its already-stipulated compensation lien.   The  settlements  totaled  $5.8 million–$50,000 from the driver, $1.4 million from Indiana Mills, and $4.35 million from Mack.  ABF requested that the district court apportion the total settlement recovery for the purpose of computing credit against ABF's obligation to pay future workers' compensation benefits to James.   Following an evidentiary hearing, a magistrate judge allocated $1.16 million of the settlement to Beverly and $4.64 million to James. The district court adopted the magistrate judge's report.

ABF appeals this allocation, arguing that the district court erred in its apportionment.  ABF also appeals the district court's conclusion, upholding the

No.  10-41152

magistrate judge's report, that ABF waived its right to recalculation of the legal expenses it owed the Hodgeses, which ABF argues it overpaid prior to the final settlement.  We reject the former appellate contention but agree with the latter one.

## II.  Standard of Review

In insurance disputes arising under Texas law, "the proper division of a settlement between beneficiaries and non-beneficiaries presents an issue for the trier of fact."  *U.S. Fire Ins. Co. v. Hernandez*, 918 S.W.2d 576, 579 (Tex. App. 1996).  Because the district court was the trier of fact in apportioning the settlement, this court reviews the district court's determination for clear error.  FED. R. CIV. P. 52(a).  A court of appeals must not reverse a finding of fact "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety[.]" *Anderson v. City of Bessemer*, 470 U.S. 564, 573-74 (1985) (citations omitted).

However, as we explained in *Hodges I*, this court reviews the district court's calculation of legal expenses to be deducted from a carrier's recovery for abuse of discretion.  474 F.3d at 204; *see also Erivas v. State Farm Mut. Auto. Ins. Co.*, 141 S.W.3d 671, 676 (Tex. App. 2004).  "A district court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011).

## III.  Discussion

### A.

Texas law requires that "the first money recovered by an injured worker from a tortfeasor [must] go to the worker's compensation carrier."  *Texas Mut.*

No.  10-41152

*Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 33 (Tex. 2008).  When determining the reimbursement owed to a workers' compensation carrier as subrogation, the trier of fact must allocate a settlement according to the relative merits and worth of the claims involved.  *U.S. Fire Ins. Co. v. Hernandez*, 918 S.W.2d 576, 579 (Tex. App. 1996).  Here, after an evidentiary hearing, the magistrate judge found that the Hodgeses' claims were of equal merit, but that Beverly's claims were worth approximately one-fourth as much as James's.  The magistrate judge heard extensive evidence regarding Beverly's post-accident life and relationship with James and the care she provides to him.  It also considered the previous jury verdict.  While acknowledging that "there is no exact science for determining the relative worth of these claims, and reasonable minds may differ," the magistrate judge concluded that James's claims were worth approximately four times as much as Beverly's.

ABF contends that this apportionment was clearly erroneous in light of the first trial's jury verdict, which awarded Beverly no damages.  The court relied instead on evidence of Beverly's loss of household damages and noneconomic damages for loss of consortium.  ABF argues that the allocation, based on the court's "subjective evaluation" of Beverly's damages, including her noneconomic damages, was arbitrary.  It urges that the objective evidence of the original vacated jury verdict, combined with actual economic damages paid out to James, dictates a contrary conclusion.

But "arbitrary" is not the same as "subjective."  A district court is entitled to rely on subjective factors in its evaluation of evidence, and such reliance does not make its conclusion arbitrary.  Evaluation of a claim for loss of consortium, in particular, depends on the trial court's evaluation of the mental and emotional

No.  10-41152

(or "subjective") injury incurred by spouse-claimant, and Texas courts have upheld damage awards for consortium claims based on such evidence.  *See, e.g., Texas Workers' Compensation Ins. Fund v. Serrano*, 985 S.W.2d 208, 211-12 (Tex. App. 1999) (declining to disturb trial court's damages finding on loss of consortium claims because "mental anguish damages are incalculable and can not logically be refuted because there are no objective facts by which to measure the amount." (citing *Associated Indem. Corp. v. CAT Contracting,* 918 S.W.2d 580, 602-603 (Tex. App. 1996))); *N. Am. Refractory Co. v. Easter*, 988 S.W.2d 904, 914 (Tex. App. 1999) (evidence of claimant's "very close relationship" with her husband, "plans for their 50th wedding anniversary," and her emotional and physical reaction to watching her husband's health decline, was sufficient evidence to support the claimant's loss of consortium award).

This court will only overturn a finding as clearly erroneous if that finding is without adequate evidentiary support or is based on an erroneous view of the law.  *Pebble Beach v. Tour 18*, 156 F.3d 526 (5th Cir. 1998); *Johnson v. Hospital Corp.*, 95 F.3d 383, 395 (5th Cir. 1996).  ABF, in fact, does not argue that the finding lacked adequate evidentiary support, but only that the vacated jury verdict should trump the district court's evaluation of other evidence.[1]  We conclude there was sufficient evidence in the record to support the district court's finding that James' claims were worth approximately four times as much as Beverly's, and thus affirm its settlement allocation.

---

[1] ABF argues that the allocation violates *Ledbetter*'s warning that "a carrier's right to reimbursement is mandatory."  *Ledbetter*, 251 S.W.3d at 36.  But to conclude that the district court infringed on the carrier's right to subrogation requires the *prior* conclusion that the trial court erred in its factual findings regarding the merit and worth of the claims, because the carrier only has a right to reimbursement for the *worker's portion* of the settlement.  We must review those findings for clear error.

No. 10-41152

**B.**

ABF also argues that the district court abused its discretion when it refused to reconsider its order requiring ABF to pay $147,101.48 in legal expenses. Under Texas law, an insurance carrier whose interests are not actively represented by an attorney when a beneficiary files suit against a third-party must pay legal expenses to the beneficiary's attorney. TEX. LAB. CODE § 417.003(a). If there is an agreement between the beneficiary's attorney and the carrier, then the agreement governs the amount of legal expenses the carrier must pay. *Id.* If there is no agreement, the court will award reasonable attorney fees not to exceed one-third of the carrier's recovery, *id.* at (a)(1), and a "proportionate share" of litigation expenses. *Id.* at (a)(2).

In *Hodges I*, this court instructed that "[o]n remand, when determining the *total* amount recovered by Hodges for use in calculating ABF's pro-rata share of Hodges' litigation costs, the district court should consider any verdict." *Hodges I*, 474 F.3d at 206. The district court concluded that by settling the amount of its lien with Mack, ABF waived its right to have the court reconsider the award of fees and expenses pursuant to § 417.003(a) and reduce any overpayment by ABF . While § 417.003(a) provides that a court need not calculate legal expenses if there is an agreement between the beneficiary's attorney and the carrier, here this is no such agreement. The settlement agreement between Mack and ABF expressly covered only ABF's right to subrogation for benefits paid by ABF and released only its claims against Mack. Nothing about ABF's settlement with Mack prevented the court from recalculating the legal expenses ABF could recoup.

No.  10-41152

Because the district court's ruling was legally erroneous, the court abused its discretion by refusing to recalculate its award of legal expenses against ABF. The amount of ABF's proposed recalculation, $55,635.91, was offered (here and in the district court) without objection by the Hodgeses, other than to ABF's underlying interpretation of the parties' settlement agreement with Mack.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM the district court's settlement allocation pertinent to ABF's reimbursement of benefits, VACATE the district court's denial of ABF's claim for reimbursement of overpaid expenses, and REMAND for entry of judgment for $55,635.91 in favor of ABF.

**AFFIRMED in part, VACATED and REMANDED in part for entry of judgment.**